# Lindsey *v.* The State.

## *Burglary.*

(Decided Feb. 9, 1911. 54 South. 516.)

1. *Burglary; Evidence.*—The proximity of the defendant to the place of the crime, at an unseasonable hour, with opportunity to commit the crime is competent as a circumstance to be weighed by the jury.

2. *Evidence; Accomplices; Corroboration.*—The evidence in this case stated and examined and held not sufficient to sustain a conviction as not sufficiently corroborating the testimony of an accomplice.

APPEAL from Barbour Circuit Court.

Heard before Hon. M. SOLLIE.

Ike Lindsey was convicted of burglary and he appeals. Reversed and remanded.

[Lindsey v. The State.]

T. M. PATTERSON, for appellant. The corroborative facts and circumstances introduced were not sufficient to authorize a conviction upon the testimony of the accomplice in this case.—12 Cyc. 456, 7, 9, and 55; *Marler v. The State,* 67 Ala. 55; *Smith v. The State,* 59 Ala. 104.

ALEXANDER M. GARBER, Attorney General, and PEACH & THOMAS, for the State. The sufficiency of the evidence was not a question of law, but was for the jury, and the corroborative evidence appearing in this record is sufficient in the light of the testimony of the accomplice, to authorize a submission of the defendant's guilt to the jury.—Sec. 7897, Code 1907; *Smith v. The State,* 59 Ala. 104; *Lumpkin v. The State,* 68 Ala. 57; *Ross v. The State,* 74 Ala. 536.

SOMERVILLE, J.—The defendant was convicted of the burglary of a storehouse, and the testimony of the state's witness, Peach McLeod, prima facie showed his complicity in the crime. McLeod, however, was an accomplice, and himself participated in the burglary. It is insisted for the defendant that there was no testimony introduced, other than that of his accomplice, which in any way tended.to connect the defendant with the commission of the crime. On this theory he requested in writing the general affirmative charge for his acquittal, if the jury believed the evidence.

It appears that the burglarized storehouse was at a railroad station, and the burglary occurred on a Saturday night at an hour unknown; that the entry was effected by breaking open a window; and that an ax was found under the store steps, which was identified as one which was kept and used at a woodpile near some section houses in the vicinity of the station. The evi-

dence relied upon to connect the defendant with the bur-
glary in question seems to consist of two facts solely,
viz: That he was at the station on this Saturday night at
about 9:30 o'clock, along with several other negroes,
and that one Jim Beasley, who then got off the train,
asked him if he was going off on the train, to which de-
fendant replied, "No, I am not going off. I have got too
good a thing here," he then standing near the woodpile
where the said ax usually lay. It has been held by this
court that the defendant's proximity to the scene of
the crime, and opportunity to commit it, it having oc-
curred at a very unseasonable hour, is a circumstance
to be weighed by the jury in determining his guilt or
innocence.—*Ross v. State,* 74 Ala. 532. But it certain-
ly cannot be plausibly argued that the defendant's pres-
ence at a public place, such as a railway station, in
company with others at train time, even though the
scene of the crime be near at hand, itself tends in the
slightest degree to connect the defendant with the com-
mission of the crime, which occurred it may be, and
probably was, several hours later. Can the remark of
the defendant to Jim Beasley, as quoted above, by any
legitimate inference be imputed to an intention to break
and enter a storehouse? It may be conceded that if
the defendant were shown to be living in the commu-
nity without occupation, and without any visible means
of support, his remark might be attributable to his en-
joyment of an unlawful means of livelihood. But with
absolutely nothing to give it point or meaning it can-
not be said to have any tendency to connect the defend-
ant with this or with any crime.—*McAdory v. State,*
62 Ala. 154, 161.

We are aware that the statute (Cr. Code 1907, §
7897) has been liberally construed with respect to the
extent and character of the corroboration it requires.—

*Malachi v. State,* 89 Ala. 134, 8 South. 104. But, even so, we are clear in the view that to allow a conviction on the testimony submitted in this case would pave the way for its complete destruction and consignment to the legislative trash pile. The trial court erred in refusing the affirmative charge as requested by the defendant, and the judgment of conviction must be reversed.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.