# Thompkins v. The State.

### Burglary.

(Decided February 11, 1913. 61 South. 479.)

*Evidence; Accomplices; Corroboration.*—The evidence examined and held insufficient to corroborate the testimony of an accomplice in such a manner as to warrant a finding of defendant guilty of the offense of burglary.

APPEAL from Bullock Circuit Court.

Heard before Hon. M. SOLLIE.

George Thompkins was convicted of burglary and he appeals. Reversed and remanded.

TOM S. FRAZER, for appellant. The evidence of the accomplice was not so corroborated as to authorize a finding of defendant guilty, and hence, the affirmative charge should have been given.—Section 1897, Code 1907; *Lindsey v. The State*, 54 South. 516.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

PELHAM, J.—The defendant was tried on an indictment charging burglary, in which he was jointly indicted with one Will Serge. It was shown by the evidence on the trial that a storehouse of one Sims had been burglarized on a certain night and a sum of money amounting to "several dollars," taken from the cash drawer, and that shortly afterwards Will Serge was arrested and charged with the burglary, whereupon he stated that the defendant had broken into the store by using a wire stretcher to twist out the bolt securing the window by means of an iron bar. Serge testified on the trial that he met the defendant on the night in question near Sims's store, and, at defendant's solicitation, accompanied him to the store and stood at the corner of the building while the defendant twisted out the iron bolt with a pair of wire stretchers, removed the bar, opened the window, and entered the store; that, when the defendant emerged from the store, he called to the witness (Serge), and gave him 50 cents. The only corroboration of this evidence offered on the trial of the case was the testimony showing that there was an old broken pair of wire stretchers in the defendant's yard, where they had been lying open to the inspection of any one who went upon the place, and that these stretchers had been used by the defendant's children as a plaything for several months, and the testimony of the rural mail carrier that shortly after the burglary the defendant or his wife had sent off by him two money orders, each for the sum of $2. The defendant as a witness in his own behalf denied all knowledge of the commission of the crime, and it was shown that as soon as Sims, the proprietor of the store, asked him (the defendant) if he had a pair of wire stretchers, he promptly stated that there was an old broken pair in his yard that his children had found and brought home to play with, and

immediately went and brought them to Sims for inspection. The denomination of the money taken from the store was not known, and the kind of money paid for the money orders was not proven. The defendant's wife was shown to be regularly in service and being paid for her work, and the defendant testified that it was her money that was paid for the money orders.

The defendant asked the general charge on the theory that there was no testimony other than that of the accomplice, Serge, which in any way tended to connect the defendant with the commission of the crime. We think the defendant's theory the correct view to take of the evidence in this case. The evidence of the accomplice, who stands before the jury as a self-confessed criminal in the attitude of unfaithfulness even to his confederate in crime, probably magnifying the defendant's connection with the offense charged, for the purpose of mitigating his own infamy with the hope of securing self-benefit, received no corroboration upon any material point connecting the defendant with the commission of the offense. The fact that the accomplice testified that the defendant used a pair of wire stretchers in effecting an entrance to the store burglarized, and that such an article was lying around his premises open to the view of any person who might come upon the defendant's place, is not such corroborative evidence confirming the testimony of the accomplice as intended by the statute declaring that a conviction for a felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense. The accomplice, living in the same neighborhood as the defendant, had ample opportunity to know of the wire stretchers lying around the yard at the defendant's, and may reasonably have undertaken to give color to

[Thompkins v. The State.]

his statement by such testimony. This evidence was really no confirmation at all of the accomplice's testimony, for there was no evidence except that of the accomplice himself to show that a wire stretcher was used in the commission of the crime, and in its last analysis the testimony laying the crime at the door of the defendant depended entirely on the uncorroborated testimony of this accomplice, for the accomplice could not corroborate himself by his own statements or by anything that depended upon his statements for confirmation.

What Justice SOMERVILLE has well said in rendering the opinion of the court in the case of *Lindsey v. State*, 170 Ala. 80, 82, 54 South. 516, is apposite here: "We are aware that the statute [Code 1907, § 7897] has been liberally construed with respect to the extent and character of the corroboration it requires.—*Malachi v. State*, 89 Ala. 134 [8 South. 104]. But, even so, we are clear in the view that to allow a conviction on the testimony submitted in this case would pave the way for its complete destruction and consignment to the legislative trash pile."

The trial court was in error in refusing the general charge requested by the defendant, and the judgment of conviction must be reversed.

Reversed and remanded.