**HARRIS v. STATE. (8 Div. 217.)**

(Court of Appeals of Alabama. June 30, 1925. Rehearing Granted Aug. 4, 1925.)

1. **Criminal law ⬉1036(8)—Refusal of affirmative charge for failure of state to prove venue held not presented for review.**

In liquor prosecution, refusal of affirmative charge for failure of state to prove that offense was committed within jurisdiction of court *held* not presented for review, where defendant failed to comply with circuit and inferior court rule 35, by bringing matter to attention of trial court before argument was concluded.

2. **Criminal law ⬉741(5)—Whether there was any evidence in corroboration of accomplice was a question for court, and sufficiency and weight for jury.**

In liquor prosecution, whether there was any evidence in corroboration of accomplice was

a question for court, sufficiency and weight to be accorded being for jury.

**3. Criminal law ⊚⇒809, 813—Refusal of abstract and misleading charge is not erroneous.**

Refusal of abstract and misleading charge is not erroneous.

**4. Criminal law ⊚⇒829(1)—Refusal of requested charge, covered by other charges, held not erroneous.**

Refusal to charge on propositions of law which were fairly and substantially covered by other charges was not erroneous.

### On Rehearing.

**5. Criminal law ⊚⇒511(1) — Conviction not sustained on testimony of accomplice witness, whose testimony was corroborated only as to commission of offense.**

In liquor prosecution, defendant's conviction could not he sustained, in view of Code 1923, § 5635, on testimony of an accomplice, who was corroborated merely as to the commission of the offense.

**6. Criminal law ⊚⇒511(2)—Corroboration necessary to a conviction for felony stated.**

Corroboration of an accomplice necessary to a conviction for felony must be of some fact material to the guilt of the accused, and must not relate merely to the commission of the offense, in view of Code 1923, § 5635.

Appeal from Circuit Court, Limestone County; O. Kyle, Judge.

Maxie Harris was convicted of violating the prohibition law, and he appeals. Reversed and remanded on rehearing.

J. G. Rankin, of Athens, for appellant.

Jurisdiction of public offenses, unless otherwise provided by law, is in the county in which the offense was committed. Code 1923, § 4891; Thompkins v. State, 1 Ala. App. 258, 55 So. 267; Barnes v. State, 134 Ala. 36, 32 So. 670; Randolph v. State, 100 Ala. 139, 14 So. 792. A conviction of a felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect defendant with the commission of the offense, and corroborating testimony merely showing commission of the offense or the circumstances thereof is not sufficient. Code 1923, § 5635; Lindsey v. State, 170 Ala. 80, 54 So. 516; Thompkins v. State, 7 Ala. App. 140, 61 So. 479; Morris v. State, 17 Ala. App. 126, 82 So. 574; Jacobs v. State, 17 Ala. App. 305, 84 So. 785; Ex parte State ex rel. Atty. Gen., 208 Ala. 68, 93 So. 599; Owens v. State, 19 Ala. App. 621, 99 So. 774; Burk v. State, 18 Ala. App. 413, 92 So. 506.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Having failed to state, at the time of asking the affirmative charge, that there was a failure of proof of venue, no question is presented. Circuit court rule 35. The corroborating evidence was sufficient. 1 Mayfield's Dig. 8.

BRICKEN, P. J. From a judgment of conviction under count 2 of the indictment, defendant appealed. Count 2 charged, in proper form and substance, the unlawful possession of a still, etc., to be used for the purpose of manufacturing prohibited liquors or beverages.

[1] The first insistence of error is based upon the failure of the state to prove that the offense complained of was committed in Limestone county, or within the jurisdiction of the court. It appears that the affirmative charge was refused to defendant, but for a failure by defendant to comply with the requirements of rule 35 (circuit and inferior courts) Code 1923, vol. 4, p. 907, this matter is not presented. This rule expressly provides that, whenever the general charge is requested, predicated upon failure of proof as to time or venue, etc., the trial court will not be put in error for refusing said charge, unless it appears upon appeal that the point upon which it was asked was brought to the attention of the trial court before the argument of the case was concluded.

The evidence in this case presented a jury question, and the rulings of the court upon the admission of the testimony are without error.

[2] The question of the corroboration of the testimony of an accomplice is also involved. In this connection the court fully, ably, and explicitly charged the jury as to the law on this question. As to whether there was any evidence in corroboration of the accomplice was a question for the court; its sufficiency and the weight to be accorded was for the jury. There was some evidence adduced upon this trial which tended to corroborate the state's witness Turner Coger in his evidence against this appellant, and the court's rulings were without error in this respect.

As stated, the defendant was not entitled to the affirmative charge, therefore the refusal of special written charge 1 was proper.

[3, 4] Refused charge 7 was abstract and misleading. Moreover, the propositions of law attempted in this charge were fairly and substantially covered by the oral charge and by given charge 9. Charge 7 was refused without error.

Charge 5, refused to defendant, was fully covered by given charges 3 and 4 and by the oral charge.

There is no error in this record. The judgment of conviction appealed from is affirmed.

Affirmed.

### On Rehearing.

[5, 6] Upon rehearing, this case has been considered by the court as a whole, and the

principal question involved has had the attentive consideration of every member of this court. We have reached the following conclusions: (1) That the witness Turner Coger, under the undisputed proof, was an accomplice; (2) that this conviction rested solely upon his testimony; (3) that there was no evidence adduced upon this trial which tended to corroborate said witness Coger as the law requires. The corroboration necessary to a conviction for a felony must be of some fact material to the guilt of the accused, and must not relate, as here appears, merely to the commission of the offense. Code 1923, § 5635; Lindsey v. State, 170 Ala. 80, 54 So. 516; Thompkins v. State, 7 Ala. App. 140, 61 So. 479; Morris v. State, 17 Ala. App. 126, 82 So. 574; Burk v. State, 18 Ala. App. 413, 92 So. 506; Owens v. State, 19 Ala. App. 621, 99 So. 774.

As a result of the conclusion aforesaid, the application for rehearing is granted. The judgment of affirmance is set aside, and the cause is reversed and remanded. We now conclude under the evidence here shown that the defendant was entitled to his discharge, and that the court erred in refusing to direct a verdict in his behalf as requested by defendant in writing.

Application granted.

Reversed and remanded.