(115 So. 420)

## MURRAY v. STATE. (8 Div. 550.)

Court of Appeals of Alabama. Feb. 14, 1928.

William C. Rayburn, of Guntersville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J. The indictment is for burglary. The verdict responds to the indictment and the judgment follows the verdict. The judgment or minute entry of the judgment is in all things correct. The fact that the clerk inadvertently wrote above the judgment, "Indictment for Grand Larceny," does not affect the judgment; such being no part of the judgment of the court.

There was but one burglary of a car when eight sacks of sugar were taken. Some of the witnesses fixed the time in April and some in July. It was a question for the jury to say which time it was, but whether in April or July was of no moment in this case except as it bore on the credibility of the testimony of witnesses testifying.

The only evidence tending to connect this defendant with the commission of the burglary is that of Coley Brown, who is admittedly an accomplice. It is insisted by the state that Brown is corroborated in his testimony by Wallace Otwell, who was present

a mile or more down the river from where the car was burglarized when Brown was selling and delivering to one Myers 800 pounds of sugar from a yawl, and who testified that defendant and one Brock were there present in another boat. The defendant was not in the boat with the sugar, gave no aid in handling or disposing of it, and exercised no acts of ownership or control over it. There is no fact testified to by Otwell tending to connect the defendant with the commission of the burglary. In fact, there was no more evidence to connect defendant with the sugar than there was to connect Otwell. The defendant was entitled to the general charge and its refusal was error. Lindsey v. State, 170 Ala. 80, 54 So. 516.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.