(120 So. 466)

### KING v. STATE. (8 Div. 708.)

Court of Appeals of Alabama. Feb. 26, 1929.

Watts & White, of Huntsville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J. Appellant was convicted of the offense of grand larceny.

It was shown that some seed cotton of a specified value was stolen from one Claude E. Wright. Two confessed accomplices of this appellant testified as to the details of the stealing, and as to appellant's participation therein. In substance, they stated that, after nightfall, they, in company with appellant and one Lynch, went, in a car belonging to Lynch, to a point near Wright's field, and that the four of them went into the field and took the cotton from a wagon, carried it to the car, and drove the car with the cotton in it to Lynch's house, where the cotton was placed in Lynch's barn.

The only testimony by which it was sought to corroborate that of the two accomplices mentioned was that of Wright, one H. G. Nance, and one Richard Leslie.

Wright's testimony amounted to no more than establishing the theft of the cotton, and that, on the morning after it was stolen the preceding night, he tracked a car from the scene of the larceny to the farm of Dewey Lynch, who was appellant's landlord.

Nance's testimony merely corroborated that of Wright.

Richard Leslie's testimony amounted only to an account of taking appellant on a trip in the afternoon before the larceny was committed that night, and that he, at appellant's request, left some gasoline on appellant's porch late in the same afternoon; also that, after nightfall, witness passed a man whom he thought was Mr. Lynch, but whom witness could not, under oath, identify, and that this man, after accosting witness, remarked, "I thought it was Pink."

■ The above is a fair outline and summary of all the evidence that could be said to be intended to corroborate that of the two accomplices mentioned; and we hold it was insufficient for the purpose. Marler v. State, 68 Ala. 580, 586; Lindsey v. State, 170 Ala. 80, 54 So. 516; Tompkins v. State, 7 Ala. App. 140, 61 So. 479.

■ The appellant could not be convicted on the uncorroborated testimony of these two accomplices. Code 1923, § 5635.

The general affirmative charge in his favor, duly requested by him, should have been given, and, for the error in its refusal, the judgment is reversed, and the cause remanded.

Reversed and remanded.