(126 So. 186)

## TIDWELL v. STATE. (4 Div. 573.)

Court of Appeals of Alabama. Jan. 21, 1930.

Rehearing Denied Feb. 11, 1930.

E. O. Baldwin, of Andalusia, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. This appellant, together with two other persons not on trial (a severance was had), were indicted for the offense of grand larceny. The specific charge was that they feloniously took and carried away one Chevrolet two-door sedan automobile of the value of, to wit, $500, the personal property of Irene Gomillion. The verdict of the jury was rested upon the second count of the indictment, and said count thus charged the offense above stated.

The corpus delicti was clearly proven by the undisputed evidence, and the only question upon the trial was whether or not this appellant committed the offense complained of, or participated in the commission of said offense.

Upon the trial but two minor exceptions were reserved to the court's rulings upon the admission of evidence. These rulings were without any semblance of error.

Appellant insists that he was in no manner connected with the larceny of the car; and, also, that his conviction was had upon the uncorroborated testimony of an accomplice, one Ottis Mitchell, a state witness, who, in the same indictment, was also charged with the larceny of the automobile in question. Insistence of error is predicated principally upon the latter proposition.

Under the law in this state a conviction for an offense of this character (felony) cannot be had on the testimony of an accomplice, unless such testimony is corroborated by other evidence which tends to con-

410

nect the accused with the commission of the offense, and the statute expressly provides that such corroborative evidence is not sufficient, if such evidence merely shows the commission of the offense or the circumstances thereof.

■■ Under the law, also, the question as to whether or not there is any evidence tending to corroborate the accomplice as to the commission of the offense by the defendant is for the court to determine; and, if no such evidence is adduced, the defendant is entitled as a matter of law to an acquittal, and the duty devolves upon the court to direct a verdict in his behalf. If in the opinion of the trial court there is evidence, other than that given by an accomplice, which tends to connect the defendant with the commission of the offense, the case must be put to the jury, whose duty it is to determine the weight or probative force of such evidence.

The court below entertained the opinion that, upon this trial, evidence, other than that of the accomplice, was adduced which tended to connect this appellant with the commission of the offense. Upon this theory charges 7 and 10, which were the affirmative charges, were refused, and the cause was submitted to the jury for its determination.

■■ Where, as in this case, the law makes it essential to a conviction that corroborative evidence of an accomplice must be adduced, the same rule of evidence prevails as to such corroborative evidence as in other evidence in criminal prosecutions. That is to say, the evidence tending to corroborate that given by the accomplice shall be believed beyond a reasonable doubt. So the important question presented by the record and argued by counsel for appellant raises for our review the inquiry whether the testimony of the accomplice, Ottis Mitchell, implicating the defendant, was sufficiently corroborated to render proper the submission of the guilt vel non of the defendant to the jury. We entertain the opinion that the testimony adduced upon this trial sufficed for the purpose of corroboration. It appears that, not only was there evidence of witnesses other than that of the accomplice which tended to show the active participation by this appellant in the commission of the offense charged, but there were also many facts and circumstances shown by the evidence which tended to connect him with the commission of the offense, and under the rules of evidence prevailing the corroboration of an accomplice may be shown by circumstantial evidence if it is sufficient to meet the required rule above stated. Moreover, "it is not necessary that the corroborating evidence should refer to any particular statement or fact testified to by the accomplice." Malachi v. State, 89 Ala. 134, 8 So. 104. See, also, Norman v. State, 13 Ala. App. 337, 347, 69 So. 362; McDaniels v. State, 162 Ala. 25, 50 So. 324.

■ In the instant case there were many facts and circumstances tending to corroborate the testimony of the accomplice testified to by witnesses other than by witnesses William Wiggins and Buck Neese, thus rendering charges 3, 4, 5, and 6 improper, and their refusal was without error. The unusual facts and circumstances as given in the testimony of the defendant himself and that of several other witnesses were clearly susceptible of incriminatory construction and were questions for determination by the jury.

It appears to this court, after an attentive consideration of the entire record, that the accused was throughout accorded a fair and impartial trial, and that his substantial rights were fully protected by the trial court in the excellent oral charge and by its several rulings during the trial.

Finding no reversible error, we here order and adjudge that the judgment of conviction from which this appeal was taken shall stand affirmed.

Affirmed.