(126 So. 138)

### ELROD v. STATE. (6 Div. 654.)

Court of Appeals of Alabama. Feb. 11, 1930.

Mathews & Mathews, of Bessemer, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. The arresting officers, upon the Sunday morning in question, met two cars in close proximity coming towards Bessemer on the Taylor's Ferry road, and at the place of meeting these cars they were within the jurisdiction of the Bessemer division of the Jefferson circuit court. This appellant, the proof shows without dispute, was in the forward car, and one E. W. Henderson, also indicted with this appellant for transporting prohibited liquors in quantities of 5 gallons or more, was in the rear car. In this latter, or rear, car, the officers found five cans of whisky, each can of 5 gallon capacity, making a total of 25 gallons of whisky being transported on that occasion and admittedly in the car which was being driven by the said Henderson.

■ It was insisted by the state that both of said cars and the whisky belonged to this appellant, and that this appellant had hired Henderson to transport the liquor. 'There was evidence which tended to support this insistence, and the material inquiry upon the trial was whether or not this appellant was thus connected with the unlawful transportation of the whisky. He strenuously denied that he was in any manner connected therewith. He denied all knowledge of and connection with the commission of the offense, and also denied having made confession to the officers that it was his whisky for which he had paid $3 per gallon, and that he had it sold for $4 per gallon. This conflict in the evidence presented a jury question and in the opinion of this court the evidence adduced upon the trial was ample to justify the jury in the verdict rendered and to support the judgment of conviction pronounced and entered in accordance with said verdict.

■ The law is, if this appellant owned the whisky and employed his codefendant Henderson to transport it, he (this appellant) would be just as guilty as if he had committed the offense and had had the whisky in the car he was driving.

■ The question of the court's ruling on a continuance of the case rested largely within the discretion of the trial court. From the showing here made there appears no abuse of such discretion, and reversible error will not lie.

■ The oral charge of the court was full and explicit and ably stated each proposition of law involved upon this trial. This charge fairly and substantially covered each of the refused charges, which properly stated the law, and, having charged the jury fairly and substantially as to each of these propositions, the court was under no duty to again charge the jury upon request of the accused.

The statements of the solicitor in his argument to the jury, to which objection was interposed, were within the record and were legitimate inferences to be drawn from the evidence. The exceptions reserved in this connection are without merit.

We refrain from discussing the innumerable exceptions reserved to the court's rulings upon the admission of evidence. In most instances these exceptions appear frivolous, and such as do not so appear fail to disclose error necessitating a reversal of the judgment of conviction. The motion for a new trial contained no matter not already passed upon on the main trial. There was, in the opinion of this court, ample evidence which tended to corroborate the accomplice, under the rules of evidence as announced in the case of Willie Tidwell v. State, ante, p. 409, 126 So. 186.

There being no reversible error in any ruling of the court upon this trial, and the record being regular also, the judgment of conviction in the lower court from which this appeal was taken will stand affirmed.

Affirmed.