(127 So. 254)

## ADAMS v. STATE.

### 8 Div. 903.

Court of Appeals of Alabama.
March 25, 1930.

James C. Roberts, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

The indictment contained three counts, and each count thereof charged this appellant with a felony under the terms of section 4016 of the Code 1923; the nature of the charge being aiding a prisoner, charged with murder, to escape from the county jail of Lauderdale county wherein he was lawfully confined upon said charge of felony.

From the view we take of this case we may pretermit a discussion of all questions presented by the record, except the question of

the sufficiency of the evidence to sustain the conviction of the accused. On the trial the defendant offered no evidence and relies upon this proposition to effect a reversal of the judgment of conviction, from which this appeal was taken.

It conclusively appears from the record that the only testimony which tended in any manner to connect this appellant with the commission of the offense complained of was that given by his brother, Adrian Adams, who was admittedly an accomplice and admitted, when on the witness stand, that he (witness) was the person who tied the saws in question to the string hanging from a cell window in the jail; and this admitted act of the witness constituted the offense charged in the indictment. This being the state of the evidence, the necessary inquiry follows as to whether or not the testimony of the admitted accomplice was corroborated by other evidence tending to connect the defendant with the commission of the offense or participation therein which under the law means the same thing. In this state we have a statute providing a rule of evidence to the effect that a conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence is not sufficient if it merely shows the commission of the offense or the circumstances thereof. Code 1923, § 5635; Tidwell v. State, ante, p. 409, 126 So. 186.

A careful perusal and consideration of the entire record and all the evidence adduced upon the trial of this case fails to disclose any evidence tending to corroborate the testimony of the accomplice under the required rule, supra; hence the conviction of this appellant cannot stand, and the appeal from the judgment of conviction in the lower court must be and is sustained.

The testimony given by state witness Stutts which related in any manner to this appellant was based solely upon statements made to him by the accomplice, Adrian Adams. Witness Stutts, when testifying in this connection, stated several times: "All I know about any of it is what Adrian said." It is elementary that statements of an accomplice made to different persons will not suffice to corroborate similar statements made by the accomplice while testifying. Such statements are but mere repetitions, and in the absence of corroborating evidence, as the rule requires, a conviction of felony cannot be rested upon such testimony.

The question herein discussed was properly raised in the court below, and likewise properly presented for the consideration of this court.

Reversed and remanded.