170 So. 75

## GRAY v. STATE.

### 6 Div. 972.

Court of Appeals of Alabama.
June 2, 1936.

Rehearing Denied June 30, 1936.

Albert Boutwell, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, Judge.

Britton Trammel and Oma Woods were indicted for the same burglary with which this defendant is charged. They were indicted in May, 1935; tried on pleas of

not guilty in October, 1935, were convicted; both were sentenced to long terms in the penitentiary, and both judgments were appealed to this court. After these trials and convictions and on January 27, 1936, this defendant was placed on trial and Trammel and Woods testified that this defendant had aided and abetted the crime. On their own trials, they had testified to the contrary. On February 1, 1936, the judgments against Trammel and Woods were, upon recommendation of the solicitor, set aside and pleas of guilty to charges of misdemeanor entered, with punishment fixed at $250 and ninety days at hard labor. It is significant that whereas the original convictions carried punishments to the penitentiary, one for four years and the other seven years, as minimum, immediately after the conviction of this defendant, these sentences were both reduced to the same thing. Trammel and Woods, while being examined on cross-examination, were both asked if they had not been promised immunity if they would change the testimony given by them on their own trials and testify to facts implicating this defendant. This they denied and as to this they were impeached by a disinterested witness, on motion for new trial. This impeaching evidence cannot be considered except for impeachment purposes, which leaves only circumstances, shown by the record, from which inferences might be drawn that Trammel and Woods were promised and given immunity for and on account of their testimony implicating this defendant. None of the goods stolen was found in possession of this defendant, nor was he ever remotely connected with them.

There was no evidence to corroborate Trammel and Woods, tending to connect this defendant with the commission of the crime charged, and for that reason the defendant was entitled to the affirmative charge as requested. Code 1923, § 5635; King v. State, 23 Ala.App. 55, 120 So. 466; Jones v. State, 23 Ala.App. 395, 126 So. 178; Adams v. State, 23 Ala.App. 477, 127 So. 254.

The judgment is reversed and the cause is remanded.

Reversed and remanded.