179 So. 387

**PARISH v. STATE.**

**4 Div. 351.**

Court of Appeals of Alabama.

Jan. 18, 1938.

Rehearing Denied Feb. 8, 1938.

J. N. Mullins, of Dothan, for appellant.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment in this case charged this appellant and one Jesse Watson, alias, etc., with burglary and grand larceny in separate counts. The accused, Watson, as the statute permits, demanded a severance, and this appellant was tried alone. The indictment, omitting indorsements, etc., is as follows:

"The Grand Jury of said County charge that, before the finding of this indictment and subsequent to June 6th, 1935, Edgar Parish, alias Edgar Parrish, alias Josh Parish, and Jess Watson, alias Jesse Watson, with intent to steal, broke into and entered the smokehouse of Lusetta Spurlock, a building within the curtilage of the dwelling-house of the said Lusetta Spurlock, but not forming a part thereof, in which goods, wares, merchandise, hog meat, things of value, were kept for use, sale or deposit.

"The Grand Jury of said County further charge that before the finding of this indictment Edgar Parish, alias Edgar Parrish, alias Josh Parish and Jess Watson alias Jesse Watson feloniously took and carried away two hundred pounds of meat, of the value of Thirty-Five Dollars, the personal property of Lusetta Spurlock against the peace and dignity of the State of Alabama."

The trial in the court below resulted in the conviction of this appellant under count 1 of the indictment, which had the effect of eliminating count 2 and all questions involved solely in said count.

The defendant having been convicted of a felony and the testimony upon which such conviction rested was admittedly given by

accomplices, the material and controlling question upon this appeal is: Was the testimony of the accomplices corroborated by other evidence tending to connect the defendant with the commission of the offense, as provided in section 5635 of the Code of Alabama, 1923? Said section reads as follows: "*Testimony of accomplices; must be corroborated to authorize conviction of felony.*—A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient."

From the record we ascertain but five witnesses were examined upon the trial of this case in the court below. These witnesses were sworn and examined by the State. The defendant offered no testimony. Said witnesses were Oliver Segrest, James Holland, and Simon Segrest, each of whom were admittedly accomplices. Mrs. Lusetta Spurlock, the alleged injured party, was examined by the State, as was also one Jack Preston, who stated he bought the stolen meat. Mrs. Spurlock testified she lost some meat, naming the amount of meat, and its value, and that it was taken from her smokehouse after a plank had been torn off the gable; and she stated, "they were small tracks, boy tracks." The foregoing concluded her testimony.

Jack Preston, the other witness, testified: "My name is Jack Preston. I recall on or about May 1st last year when boys and older persons came to my store here in Dothan on a T-Model Ford and I bought some meat from them. My recollection I paid Nine or Ten Dollars for it. I did not know who the persons were at the time; I think I could recognize some of them perhaps. I have seen them here this morning, the boys that have been in the room with me and that have just testified here."

There is nothing in the testimony of either of the witnesses, above mentioned, which tends in any manner to relate to this appellant or to connect him with the commission of the offense. His name was not mentioned by either of said witnesses, and, so far as the record shows, neither witness knew, nor had ever heard of, this appellant in any manner.

At the conclusion of the State's testimony, appellant, through his able counsel, requested in writing the general affirmative charge upon the theory the State failed to meet the burden of proof resting upon it under the statute, supra. In our opinion the position and insistence of appellant in this connection was well taken and must be sustained. In the absence of any testimony, other than that of the admitted accomplices, the appellant was entitled to his discharge, and the trial court was in error in declining to direct the verdict in his favor. For like reasons, the court erred in overruling appellant's motion for a new trial.

Reversed and remanded.