19 So.2d 88

**BROWN et al. v. STATE.**

**8 Div. 410.**

Court of Appeals of Alabama.

June 27, 1944.

Rehearing Denied Aug. 22, 1944.

530

Bradshaw & Barnett, of Florence, for appellants.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the State.

CARR, Judge.

The appellants were jointly tried and convicted in the Circuit Court of Lauderdale County, Alabama, on an indictment charging arson, more specifically that they willfully set fire to, or burned, or aided or procured the burning of a barn, the property of William Marshall Camp.

Appellant Luther Brown is the father of appellant Dennis Brown and the brother-in-law of William Marshall Camp.

Appellants' most insistent contention for error is the refusal of the trial court to give, as requested, the general affirmative charge in behalf of each appellant because of a failure in the evidence to corroborate the testimony of an admitted and avowed accomplice. We are of the opinion, and so hold, that this position must be sustained. Our attention, therefore, in this opinion will be directed primarily to this inquiry.

The barn, the subject of this prosecution, was admittedly burned by Spencer Howard shortly after midnight, January 28, 1942, by the use of gasoline to originate the fire. It is not the contention of the State that either of the appellants was present or in any way participated in the physical burning. The State does insist, however, that the two appellants aided or procured the burning of the barn, as alleged in the indictment. Title 14, § 24, Ala.Code 1940; Title 14, § 14, Ala.Code 1940.

As stated, the confessed accomplice was Spencer Howard, who at the time of the trial was 24 years of age. He began his hazardous and persistent criminal career at the age of 16, when he was committed to the reform school for stealing corn. Subsequently thereto and prior to the date of this trial his record, according to his admissions, was: Two pleas of guilty for larceny, one for burglary for which he served a term in the State penitentiary, and at the time of this trial was under indictment for stealing tires, batteries and plow tools.

In March 1943, over one year after the barn burning, while incarcerated in Limestone County jail, being held on the last named indictment, Howard voluntarily sent for the sheriff and confessed to burning the barn and implicated the two appellants. He later appeared before the grand jury, but was not indicted on the arson charge.

■ The evidence of Spencer Howard on the trial of this case, as a witness for the State, was in substance as follows: Howard was employed by appellant Luther Brown as a laborer on his farm. Appellant Dennis Brown lived a few miles distant. On the afternoon of January 26, 1942, Dennis came to the field where his father, Luther Brown, and Howard were building

a fence, near the barn which, on January 28th following, Howard unlawfully burned. Dennis suggested to Howard that they "walk around." Luther Brown returned to his home and Howard and Dennis proceeded to the home of Ed Cook, where Dennis had formerly lived, coming back by the barn in question, and went in same. Dennis agreed to pay Howard $10 to burn the barn. Dennis and his wife spent that night at the home of his father, Luther Brown. The next afternoon, January 27th, Luther and Howard carried Dennis and his wife home. Before leaving, however, upon the suggestion and direction of Luther Brown, a one-gallon oil can partly filled with gasoline, taken from Luther Brown's garage, was placed in Luther's car. On the journey after leaving the home of Dennis, Luther and Howard proceeded away from the direction of the barn to Leo Thornton's place of business, which is styled in the testimony as a "beer joint." Before reaching Thornton's place and about 200 or 300 yards therefrom, Howard took the can of gasoline out of the car and concealed it near by. Luther and Howard drank some beer at Thornton's place and, after a period of about thirty minutes, Luther left in his car. After Luther had departed, Howard bought an empty beer bottle from Thornton and filled it with gasoline from the can which had been deposited as above stated. Upon his return to Thornton's place with the filled beer bottle, Howard said to Thornton, "Whatever is behind your sign board you can have it." At about 9:30 or 10 o'clock, Howard left the "beer joint" in a car with a man by the name of Cates. He later got out of Cates' car, walked a few miles, sat down and waited until after 12 o'clock, when he set fire to the barn. At an early hour the same morning, Howard appeared at the home of appellant Dennis Brown and rode from there in a car, with one J. E. Patterson driving, to Athens. Dennis and some others who were working at Huntsville were in the car. According to Howard's statement, Dennis paid him the promised $10 on the occasion of his arrival at Dennis' home and before starting on the trip to Athens and Huntsville.

Leo Thornton, a witness also for the State, corroborated Howard's testimony concerning the visit to his "beer joint" and also the statement relating to the oil can behind the sign board. Thornton stated further that he went to the described place next morning and found a tin can containing gasoline or coal oil.

The appellant Dennis Brown admitted going to the barn on the afternoon of January 26th with Howard. He stated he had lived on the farm on which the barn was located and was contemplating moving back. He admitted also the circumstances of the ride from his home via Athens to Huntsville, but explained that he was then employed at Huntsville and rode every morning to his job with his father-in-law, Patterson. Dennis denied any involvement in the burning of the barn or any conversation with Howard relating thereto.

Appellant Luther Brown admitted the related facts with reference to the journey from his home by Dennis' home and to the "beer joint", also the fact of his leaving after about a thirty minute stay. He denied any knowledge or connection with the oil can, and there was no direct proof contra.

In our effort to find any testimony in this case that adds strength to that of the accomplice and tends to connect either of the appellants with the crime involved, we observe as to Dennis Brown two incidents of slight probation. His visit to the barn on January 26th, prior to the burning on January 28th, and the appearance of the accomplice at his home in the early morning hour on the latter date.

As to appellant Luther Brown, we find only the visit to the "beer joint" and the finding of the oil can behind the sign board.

■ In making the above observations, we have been mindful of the well recognized rule of law that the corroborating evidence must consist of facts and circumstances independently of that of the accomplice "and the material inquiry as to whether the defendant (or defendants, we add) did in fact commit such act, or participate therein, cannot be substantiated upon the testimony alone of the accomplice." Lotz v. State, 23 Ala.App. 496, 129 So. 305; Adams v. State, 23 Ala.App. 477, 127 So. 254; Thompkins v. State, 7 Ala. App. 140, 61 So. 479.

The question under consideration has found often application by our courts and is in no wise novel.

"A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commis-

sion of the offense; and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient." Title 15, § 307, Ala.Code 1940; Lindsey v. State, 170 Ala. 80, 54 So. 516; Ross v. State, 74 Ala. 532; Commander v. State, 28 Ala.App. 42, 178 So. 241; King v. State, 23 Ala. App. 55, 120 So. 466.

■ Corroboration of accomplice may be shown by circumstantial evidence. Tidwell v. State, 23 Ala.App. 409, 126 So. 186.

■ "Whether or not there was any evidence corroborating the accomplice witness, and tending to connect the defendant with the commission of the offense, was a question of law to be determined by the court; but its probative force and sufficiency, along with the testimony of the accomplice to establish the defendant's guilt beyond a reasonable doubt, were questions for the jury." Berry v. State, 231 Ala. 437, 165 So. 97, 99. See also, Lindsey v. State, supra; Smith v. State, 230 Ala. 413, 161 So. 538.

■ "Corroborate" in its legal significance, as in this case applied, means to strengthen. It must be some fact or facts which will strengthen the testimony of the accomplice. It is not necessary that it tends to establish or prove the exact facts stated by the accomplice. It must be sufficient and of such probative value, however, to connect the defendant with the commission of the crime. Bradley v. State, 19 Ala.App. 578, 99 So. 321; Morris v. State, 25 Ala.App. 156, 142 So. 592.

■ It may be said that corroborating evidence includes: (1) Facts or circumstances which are found by following up the accomplice's testimony and there discovering the truth of his statement. (2) The facts and circumstances which tend to associate or connect the accused with the crime.

■ It is the duty of the court when considering attempted corroborating evidence to look to its reasonable application in the light and under the guidance of all facts and circumstances which may aid in this inquiry. Crumbley v. State, 26 Ala.App. 24, 152 So. 55.

There are some facts and circumstances in this case, to be sure, that might arouse the curious mind to wonder why they happened if it was not in the furtherance of a planned purpose to commit the offense, but, when weighed under the influence of all the surroundings, it could be said with equal confidence that there is no tendency to connect the appellants, or either of them, with the commission of the offense.

■ There is considerable evidence in this case which may generate a strong suspicion that the appellants had a motive or desire to commit the crime in question. There was much dissension, discord and misunderstanding occasioned by the care and comforts of the aged father and mother of appellant Luther Brown, the grandfather and grandmother of appellant Dennis Brown, and the father-in-law and mother-in-law of the injured party, Mr. Camp. This feeling had culmination in law suits and a personal difficulty between appellant Dennis Brown and Mr. Camp. Whatever we may say about this unfortunate family difference, or however solicitously we may attempt to place the blame, in the conclusion we would be forced to find, under the law, that it could only tend to establish motive, bias and ill will as applied to this case. This court realizes, and so holds, that in every criminal case it is permissible to show that there was some incentive or reason which may have induced the defendant or defendants to commit the offense, but it cannot be said, and we do not hold, that evidence of motive alone is sufficient to corroborate the testimony of an accomplice.

We are of the opinion that the affirmative charge in appellants' favor should have been given and its refusal was error.

■ Other than the general affirmative charges, two charges were refused the appellants, numbered 25 and 27. Each of these charges require an acquittal of the appellants unless they physically participated in the commission of the offense. This is not the law as it has application to this case. Title 14, Sec. 14, Ala.Code 1940; McClain v. State, 182 Ala. 67, 62 So. 241; Newman v. State, 30 Ala.App. 529, 9 So.2d 768.

There are other insistences for error in the rulings of the trial court in the admission of evidence. The record contains 308 typewritten pages. It could serve no good purpose to discuss these insistences. To do so would lengthen this opinion unduly.

These questions will not likely arise on another trial.

For error stated, the judgment is ordered reversed and the cause remanded.

Reversed and remanded.