:26 So.2d 274

## HODGE v. STATE.

### 7 Div. 834.

Court of Appeals of Alabama.
Feb. 19, 1946.

Rehearing Denied March 5, 1946.

Merrill, Merrill & Vardaman, of Anniston, for appellant.

284

Wm. N. McQueen, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

CARR, Judge.

Appellant was convicted in the court below on an indictment charging the offense of receiving stolen property. Title 14, Sec. 338, Code 1940. The property involved was an automobile.

The insistence is made here that the evidence was not sufficient to meet the requirements of the provisions of Sec. 307, Title 15, Code 1940.

■ As we observed in Brown et al. v. State, 31 Ala.App. 529, 19 So.2d 88, 90: "'Corroborate' in its legal significance, as in this case applied, means to strengthen. It must be some fact or facts which will strengthen the testimony of the accomplice. It is not necessary that it tends to establish or prove the exact facts stated by the accomplice. It must be sufficient and of such probative value, however, to connect the defendant with the commission of the crime." We cited Bradley v. State, 19 Ala.App. 578, 99 So. 321, and Morris v. State, 25 Ala.App. 156, 142 So. 592.

■ It has been consistently held that evidence necessary to corroborate an accomplice need not in itself be sufficient to sustain a conviction. Dykes v. State, 30 Ala.App. 129, 1 So.2d 754; Lumpkin v. State, 68 Ala. 56.

■ "Whether or not there was any evidence corroborating the accomplice witness, and tending to connect the defendant with the commission of the offense, was a question of law to be determined by the court; but its probative force and sufficiency, along with the testimony of the accomplice to establish the defendant's guilt beyond a reasonable doubt, were questions for the jury." Berry v. State, 231 Ala. 437, 165 So. 97, 99. See, also, Brown et al. v. State, supra; Lindsey v. State, 170 Ala. 80, 54 So. 516; Smith v. State, 230 Ala. 413, 161 So. 538.

Having surveyed the general applicable principles, we turn our attention to the evidence in the instant case.

According to the testimony of accomplice Williamson, he, in company with others, stole the car in Mississippi and brought it to Calhoun County, Alabama, and sold it to the defendant for $65. From the evidence it can be reasonably inferred that the value of the automobile when stolen was $500 or more. About a week after the sale appellant cut the car

up ostensibly for junk disposal. Some parts of the dismantled automobile were sold to junk dealers, others were left at defendant's home, still others were, by Williamson and appellant, carried to a nearby creek and immersed in the water. The investigating officers, in company with Williamson, recovered the parts in the creek and also found some scattered parts at defendant's home. With the possible exception of one tire, which was located under the house, it does not appear that there was any effort to conceal the property at the latter place.

Appellant in his testimony disclaimed any knowledge that the car was stolen, or that he purchased it from Williamson. On the contrary, he said that Williamson paid him $25 to dismantle the automobile, and, also, as part of the consideration, he used the former's car to convey the parts to the place of sale. Appellant denied any connection with or knowledge of the deposit in the creek.

We forego any further narration of the tendencies of the evidence.

We entertain the view that the corroborating testimony was sufficient to meet the demands of the statute. In support of our conclusion attention is particularly directed to Malachi v. State, 89 Ala. 134, 8 So. 104. See, also, Snoddy v. State, 75 Ala. 23; Rhodes v. State, 141 Ala. 66, 37 So. 365; Norman v. State, 13 Ala.App. 337, 69 So. 362; Rikard v. State, 15 Ala.App. 497, 73 So. 992; Thomas v. State, 26 Ala.App. 405, 161 So. 264.

The case of Lotz v. State, 23 Ala.App. 496, 129 So. 305, relied upon by appellant's counsel, is readily distinguishable from the case at bar.

Quoting from brief of appellant's counsel: "Williamson showed the Patrolmen where the other parts of the car had been thrown in the creek. The State introduced evidence here, over the defendant's objection, and exception thereto, to the effect that while the defendant and Williamson and various members of the Patrol were in the patrol car, and while they were at or near the creek where parts of the car were found, that Williamson accused the defendant of having helped him throw the parts of the car in the creek and that the defendant promptly denied the accusations and said that Williamson would not make those statements to him if he were not under arrest."

It is urged that the court below erred in allowing the introduction of this evidence. We cannot accord merit to this claim. The alleged prejudicial statement did not become a disputed factual issue in the case. We find that appellant, while testifying, related the incident and his statement with reference to it was similar in substance to that deposed by the officers. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

In his closing argument to the jury, the solicitor stated: "Sweat popped out on him as big as goose eggs." The court overruled objections to the assertion. Exceptions were reserved. The record does not advise us to whom reference is here made, nor are we informed of the size of the "goose". If the comparison was intended to relate to the legendary "goose that laid the golden egg", for some of us, at least, the treasure might be of very small dimensions. We are inclined sometimes to over-exaggerate our comparisons in emphasizing a point in argument or conversation. In any event the jury was accorded the opportunity to observe the alleged "sweating", and we are doubtful if the statement of the solicitor was taken literally.

We come finally to a consideration of a question that has much attention in oral argument and brief of counsel. At the time of the instant trial in the lower court, the witness Williamson was serving a sentence of imprisonment in Kilby Prison and was taken from there to testify in the case. About four months after the trial and while he was still at Kilby Prison, the witness made an affidavit in which he deposed as follows:

"I testified in the case of State of Alabama v. Frank Hodge for buying, receiving and concealing an automobile in the Circuit Court of Calhoun County in March, 1945. On said trial I testified that I sold the Ford automobile to Frank Hodge for Sixty-five dollars ($65), and that Frank Hodge helped me conceal cer-

tain parts of the car by helping me to throw them in a creek.

"I wish to state now that these statements made by me were false, and that the true facts are that I did not sell the car to Frank Hodge, and that he did not have anything to do with my throwing the various parts of the car in the creek. I never told him that the car was stolen, but did tell him that I wanted to take the best parts off this car and put them on another car that I had."

The question is raised for review by a motion for new trial on the stated ground of newly discovered evidence. Certain principles relating to this query are axiomatic.

In R.C.L., Sec. 72, p. 290, we find: "In order to warrant the granting of a new trial on the ground of newly discovered evidence, it must appear (1) that the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue; (5) that it is not merely cumulative, or impeaching." See, also, Morris v. State, 25 Ala.App. 156, 142 So. 592.

Appellate courts look with disfavor on motions for new trial upon the grounds of newly discovered evidence, and in such cases the discretionary power of the trial court is considered and his judgment will not be disturbed on appeal unless it is clearly shown that this discretion has been abused. Morris v. State, supra; Aaron v. State, 181 Ala. 1, 61 So. 812; Slaughter v. State, 237 Ala. 26, 185 So. 373; Welch v. State, 28 Ala.App. 273, 183 So. 879.

It cannot be questioned or denied that the recantation of the testimony by the accomplice casts deep shadows of doubt and uncertainty upon his testimony on the main trial, but, as was observed in People v. Marquis, 344 Ill. 261, 176 N.E. 314, 315, 74 A.L.R. 751: "Those experienced in the administration of criminal law well know the untrustworthy character of recanting testimony."

Pertinent to the instant inquiry is the expression of the Supreme Court of Florida in McCall v. State, 136 Fla. 349, 186 So. 803: "In the exercise of its discretion in matters of this sort the court should look to the reasonableness of the allegations of the petition and to the existence of the probability of the truth thereof. This duty we have met and we are convinced that to grant the petition would be no less than a trifling with justice." See, also, Hysler v. State of Florida, 315 U.S. 411, 62 S.Ct. 688, 86 L.Ed. 932.

In the case at bar a material witness, under the solemnity of his oath, related a state of facts. So far as the record discloses he was free to give his testimony truthfully and accurately, without promise, inducement or coercion. These related facts harmonized, in many particulars, with undisputed evidence in the case. About four months later, he made, also under oath—voluntarily so far as the record shows—a repudiation of some of his original testimony. Is his latter oath more binding than his former? This question no doubt appeared in the mind of the trial judge, and the answer thereto addressed itself to his discretionary power. See Underhill's Cr.Ev., 4th Ed., Sec. 839, p. 1509.

In the case of Ex parte Knight, 62 Cal. App.2d 582, 144 P.2d 882, witness Cowart, by subsequent affidavit, recanted his testimony on the main trial. In citing the case we wish to be understood that we are not intimating that the circumstances incident to the recantation therein alleged are similar to those of the case at bar, but the final sentence of the opinion has application: "Also, as was stated by the appellate court, there was ample evidence in the record to convict defendant, other than the testimony of Cowart."

In support of our view that the statement just quoted has application to the instant case, we cite: Boyd v. State, 150 Ala. 101, 43 So. 204; Jordan v. State, 17 Ala.App. 575, 87 So. 433; Cofield v. State, 23 Ala.App. 269, 124 So. 250.

We observe also that the facts and circumstances disclosed by the evidence strongly indicate the truthfulness of the

testimony of Williamson as he gave it originally on the trial of the cause.

We find ourselves unable to conclude that the judgment of the trial court should be disturbed in his ruling on the motion for new trial.

All questions presenting meritorious value have been treated.

The judgment of the primary court is ordered affirmed.

Affirmed.