28 So.2d 420

## ALLEN v. STATE.
### 5 Div. 228.

Court of Appeals of Alabama.

Dec. 17, 1946.

D. W. Jackson, of LaFayette, for appellant.

Wm. N. McQueen, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

Appellant was convicted by a jury of the offense of grand larceny. The court imposed a sentence of imprisonment in the penitentiary for a term of five years.

Tot Billingsley, who if his testimony be believed, was an accomplice of appellant, testified that he, Wheeler Billingsley, his brother, and the appellant met up with Melton Moore in the early part of an afternoon about a month before the date of this trial. Moore had just returned from army service. All got into appellant's automobile and went out to Jackson's Hill where they drank some whiskey, and as a result Moore became "just about all drunk." From there they went to C. L. Johnson's, which was apparently a cafe near a colored schoolhouse. After leaving that area they drove into town where Moore left the automobile. The two Billingsleys and appellant then drove out to "Hanging Woods," about two miles from town. There Wheeler Billingsley and appellant told the witness they had some money to divide. Appellant gave the witness $20, and Wheeler gave him $30. This witness testified on cross-examination that he saw that Moore had two or three dollars while they were riding around, that he was afraid some one would get it and cautioned the others in the car not to bother it.

Melton Moore, the victim, gave substantially the same account of the wanderings of the quartet on the afternoon in question as that given by Tot Billingsley. He did add that while at Johnson's Cafe he was taken back of the schoolhouse by Wheeler Billingsley to wash his face. While there he asked Wheeler to go get him a can of tomato juice, and upon reaching for his pocketbook he found it was gone. He asked Wheeler for his pocketbook and Wheeler told him "Don't worry about it, we will take care of your money." The appellant had gone to town while they were behind the schoolhouse, but returned and

got "them." After Moore had parted from the Billingsleys and the appellant he again felt for his pocketbook and not finding it he went in search of his erstwhile companions. Not being able to locate them he reported the matter to Mr. Garrett, Chief of Police of LaFayette.

A few days later Wheeler Billingsley and appellant, in the presence of Mr. Garrett paid him $130. Wheeler actually handed him the money, but appellant was present. Later the appellant paid him $5, and Tot paid him $50, making a total of $185, the amount he had had on the start of his afternoon with Tot, Wheeler, and the appellant.

Mr. Garrett, Chief of Police of La-Fayette, testified that Melton Moore came to him late one afternoon complaining of the loss of $185 while in company with the two Billingsleys and the appellant earlier in the day. The next morning he arrested and jailed the trio. He found only $3 or $4 on any of them, but later on searching Tot Billingsley's shoes he found two $20 bills secreted in one of them.

About the day after appellant had been released from jail (the Billingsleys had also been released on bond) Melton Moore told Mr. Garrett that the appellant and Billingsleys wanted to pay him his money back in his (Mr. Garrett's) presence. Mr. Garrett later accompanied Moore to where the appellant and Wheeler Billingsley were. Actually Moore already had $135 that had been paid him, and when Mr. Garrett came up appellant and Wheeler Billingsley told him according to Mr. Garrett's recollection, that they were giving back to Moore the $135 they took from him.

For the appellant, A. B. Copeland, a teacher at the colored school, testified that he observed the two Billingsleys taking care of Melton Moore, who was drunk, while they were on the school grounds. He heard Moore ask Wheeler Billingsley to get him some tomato juice, and ask where his pocketbook was when he missed it on reaching for it. He heard Wheeler tell Moore not to worry about his pocketbook, that he (Wheeler) would take care of it.

The appellant testifying in his own behalf said that he had ridden the Billingsleys and Moore to Jackson Hill on the afternoon in question. His version was that after returning to the Cafe he left for awhile, then returned and rode the three into town where they separated. He denied entirely that he had gone to "Hanging Woods" with the Billingsleys to divide any money, and maintained he knew nothing of any loss of money by Moore. While admitting he was present when Mr. Garrett was told of the repayment of the money to Moore, appellant said he was merely present and in no way involved with the repayment which was entirely the act of Wheeler Billingsley.

In rebuttal the State introduced Mr. Garrett, the Chief of Police, Mr. Abney, the Sheriff of Chambers County, and two other witnesses who, after proper qualification testified that appellant's general reputation for truth and veracity was bad and that they would not believe him under oath.

No written instructions were requested by the appellant in the trial below. In his motion for a new trial, which was denied by the court below, the appellant assigned as grounds therefor that the verdict was contrary to the law and the evidence and not sustained by the great preponderance of the evidence, and that the judgment of conviction was rendered on the uncorroborated evidence of an accomplice.

■ Section 307 of Title 15, Code of Alabama, 1940, provides as follows: "A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient."

Our courts have accorded this section a liberal construction. Lindsey's Case, 170 Ala. 80, 54 So. 516; Horn v. State, 15 Ala. App. 213, 72 So. 768.

■ Recently our Supreme Court, in Burns v. State, 246 Ala. 135, 19 So.2d 450, 458, wrote as follows:

" 'Whether or not there was evidence corroborating the accomplice witness, tending to connect the defendant with the commission of the offense, is a question of law; its weight and sufficiency, along with the testimony of the accomplice to show

the defendant's guilt beyond a reasonable doubt, were questions for the jury. Code 1923, § 5635 (Code 1940, Tit. 15, § 307); Read v. State, 195 Ala. 671, 71 So. 96; Doss v. State, 220 Ala. 30, 123 So. 231, 68 A.L.R. 712; Lindsey v. State, 170 Ala. 80, 54 So. 516.

" 'It is not necessary that the corroborating evidence refer to any particular statement or fact testified to by the accomplice. If it strengthens the probative criminating force of his testimony and tends to connect the defendant with the commission of the offense, it is sufficient to warrant the submission of the issue of guilt or innocence to the jury. Malachi v. State, 89 Ala. 134, 8 So. 104; Ross v. State, 74 Ala. 532; Palmer v. State, 165 Ala. 129, 51 So. 358; McDaniels v. State, 162 Ala. 25, 50 So. 324.' Smith v. State, 230 Ala. 413, 416, 161 So. 538, 542."

In the light of the testimony of the witnesses Moore, and Mr. Garrett, we are of the opinion that there was an ample corroboration of the testimony of the accomplice Tot Billingsley's testimony. The weight and sufficiency of all the evidence, including that of the accomplice was for the jury.

We find no reason to conclude the jury was not justified in the verdict it reached in this case, nor is there any basis for finding that the lower court erred in overruling appellant's motion for a new trial.

Affirmed.