179 So.2d 428

Emmett BERRY

v.

STATE.

4 Div. 540.

Court of Appeals of Alabama.

Oct. 13, 1965.

Allen Cook, Andalusia, for appellant.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

CATES, Judge.

This cause was submitted September 9, 1965.

Berry appeals from a judgment on a general verdict of guilt.

The Court adjudicated him guilty of grand larceny (a charge found in count 2 of the indictment) [1] and sentenced him to four years in the penitentiary.

When the State rested, defense counsel moved to exclude the evidence because, under Code 1940, T. 15, § 307,[2] there was no corroboration to the required degree of the testimony of witnesses, who, if at all connected in the crime with the defendant, were self admitted accomplices.

We have carefully reviewed the evidence adduced by the State. Since there is but a vacuum of negative proportions, a recital of facts would serve no purpose.

We conclude the motion to exclude should have been granted. Lindsey v. State, 170 Ala. 80, 54 So. 516; Sorrell v. State, 249 Ala. 292, 31 So.2d 82; King v. State, 23 Ala.App. 55, 120 So. 466; Fitts v. State, 24 Ala.App. 405, 135 So. 654; Parish v. State, 28 Ala.App. 81, 179 So. 387; and Brown v. State, 31 Ala.App. 529, 19 So.2d 88.

The judgment below is reversed and the cause remanded for new trial.

Reversed and remanded.

---

1. The other court was for burglary in the second degree.

2. "§ 307. A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficent."