## CASHMAN v. STATE. (7 Div. 23.)

(Court of Appeals of Alabama. May 12, 1925.)

1. **Homicide** �köö142(5)—**Variance is material if name of deceased differs from name of person alleged to have been killed.**

If name of person actually killed differs from name of person alleged to have been killed, the variance is material.

2. **Homicide** �köö154—**Refusal to allow accused to ask witness if she had ever married a certain named man held error.**

Where defendant was indicted for murdering H., and state's witness Mrs. C. testified that she was deceased's mother, *held* error to refuse to allow defendant to ask if she had ever married a man named H.

3. **Witnesses** �köö370(6)—**Refusal to permit accused to ask witness if she had told deceased that warrants were out for her brother held error.**

In prosecution for homicide, where difficulty between defendant and deceased arose from deceased's demand that defendant withdraw warrants issued for witness' brother, it was error to refuse to allow defendant to ask witness whether she told deceased that warrants were out for her brother, as such evidence tended to show witness' bias or interest.

4. **Criminal law** �köö720(9)—**Argument of defendant's counsel held improperly excluded.**

In prosecution for murder, it was error to exclude defendant counsel's argument asking jury why deceased had belt full of cartridges.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

Charles M. Cashman was convicted of manslaughter in the first degree, and he appeals. Reversed and remanded.

L. L. Saxon, of Columbiana, for appellant.

Where the defendant is named in the indictment, order of arraignment, and other orders of the court as Charles M. Cashman, a copy of the indictment and venire to try Charles Cashman, served upon defendant, is not a compliance with the statute. Code 1907, § 7840. Counsel argue for error in rulings on evidence and remarks of defendant's counsel, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The defendant was not prejudicially affected by the overruling of his motion to quash the venire. Rickard v. State, 209 Ala. 480, 96 So. 412. Counsel discuss other questions, but without citing additional authorities.

RICE, J. The defendant was indicted for murder in the first degree, tried, convicted of manslaughter in the first degree, and he appeals.

The testimony tended to show that the defendant, his wife, and Mrs. Sarah Jane Horton, defendant's wife's mother, were living in the country, and that the defendant had had some trouble with a brother of his wife, and that shortly before the homicide the defendant's wife went to Bessemer and returned with her son, the deceased, who was a Bessemer policeman, and the fatal difficulty took place immediately upon her return with said son, and because of the trouble that existed between defendant and his wife's brother.

The exception reserved on account of the action of the trial court in overruling defendant's motion to quash the venire is without merit. Rikard v. State, 209 Ala. 480, 96 So. 412.

[1, 2] The defendant was indicted for the murder of "Grover Horton." If, as a matter of fact, the name of the man actually killed was some other than that, the variance would be material. The state's witness Mrs. Annie Mae Cashman having testified that the deceased was her son, we think the trial court was in error in refusing to allow the defendant to ask her, on cross-examination, if she was ever married to a man by the name of Horton. Wide latitude should be allowed on cross-examination, and while ordinarily it is true that the discretion reposed in the trial court as to the limits of same will not be revised, yet the situation presented here leads us to the conclusion that this discretion was unintentionally, no doubt, but nevertheless injuriously, abused in the particular complained of.

[3] Likewise, we think the defendant should have been permitted to ask the witness Mrs. Annie Mae Cashman whether she told Grover Horton about some warrants being out for her brother. The evidence

showed that the trouble between deceased and defendant arose over the request or demand by the deceased that the defendant withdraw certain warrants the defendant was supposed to have had issued for deceased's uncle, the brother of the witness Annie Mae Cashman. The evidence as to the actual occurrence at the time of the killing was in conflict. The testimony of Annie Mae Cashman was very damaging to the defendant. There was evidence tending to show that she went to Bessemer and procured her son, the deceased, to return to her home, where the killing occurred, with her. As tending to show her interest, or bias, in the case, we think it was highly important to the defendant to be allowed to bring out on cross-examination all the details of her connection, or activities, with or in the whole circumstances, and the ruling of the court in sustaining the solicitor's objection to the question here under discussion was, in our opinion, prejudicial error.

[4] Counsel for defendant in arguing the case to the jury used this expression: "Why did he (referring to deceased) have that belt full of cartridges down there?" Objection and motion to exclude, by the solicitor, were sustained. The argument in question transcended none of the rules, and its exclusion was error. Cross v. State, 68 Ala. 476.

We have examined the other exceptions reserved, but in none of them do we find merit.

For the errors pointed out, let the judgment be reversed.

Reversed and remanded.