(133 So. 578)

## ROBINSON v. STATE.

2 Div. 973.

Supreme Court of Alabama.

April 2, 1931.

James A. Mitchell, of Livingston, and Patton & Patton, of Carrollton, for appellant.

542

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

GARDNER, J.

Appellant was convicted of murder in the first degree and the extreme penalty of death imposed.

The evidence for the state tends to show that deceased, Grover Boyd, was shot by both Ollis and John Robinson, sons of defendant, at or about the same time that Ollis and Esau, another son of defendant, were engaged in a difficulty with Clarence Boyd, a nephew of deceased, and in which defendant had participated, though he struck no blow (having only a stick in his hands and fired no shot), but was turned back by deceased, who, it seems, was going to the rescue of his nephew; that all of this arose over a battery, as to which Clarence Boyd had some words with Esau about an hour or hour and a half before; that defendant had learned of this and came in a car with Ollis and Esau to Emelle (the place of the difficulty), immediately looked for Clarence Boyd, and the difficulty at once followed in which Clarence was struck on the head with a bottle.

The evidence sufficed for a reasonable inference that a felonious assault upon Clarence Boyd was intended and in fact so resulted. No occasion here arises for a detailed discussion of the evidence.

After the introduction of numerous witnesses, the state rested, and defendant moved to exclude all the evidence upon the ground of its insufficiency to show a conspiracy or establish any crime against defendant, a practice permitted in criminal cases (Taylor v. State, 15 Ala. App. 72, 72 So. 557, citing Randolph v. State, 100 Ala. 139, 14 So. 792), though condemned in civil causes (Dorough v. Ala. Great So. R. Co., 221 Ala. 305, 128 So. 602).

We entertain the view the motion was properly denied. "The rule of criminal responsibility, in cases of conspiracy or combination, seems to be that each is responsible for everything done by his confederates which follows incidentally, in the execution of the common design, as one of its probable and natural consequences, even though it was not intended as a part of the original design or common plan." Williams v. State, 81 Ala. 1, 1 So. 179, 183, 60 Am. Rep. 133. Nor is it essential that a conspiracy be shown by positive evidence. It may be established by circumstantial proof, may be inferred from the conduct of the participants, and from other facts in evidence. Martin v. State, 89 Ala. 115, 8 So. 23, 18 Am. St. Rep. 91; Collins v. State, 138 Ala. 57, 34 So. 993; Cleveland v. State; 20 Ala. App. 426, 103 So. 707, certiorari denied 212 Ala. 635, 103 So. 711. A prima facie case was established for submission of the question of a conspiracy to the jury. Authorities supra.

In response to the motion the trial court repeated some of the tendencies of the evidence, to which no objection was interposed, and of course to which no exception was reserved. The remarks of the court were merely intended as a statement of the tendencies of the evidence (Milligan v. State, 208 Ala. 223, 94 So. 169), and we are of the opinion could form no basis for a new trial.

Nor do we find error in the admissibility of the testimony of the witness Sington that on the afternoon of the difficulty, John Robinson, defendant's son, was with him as they were leaving Emelle, and saw defendant coming to Emelle in a car, that some one in the car waved their hand at John; whereupon he returned to Emelle. It appears that John Robinson was present and fired upon the deceased, and we think this proof proper to be admitted as a chain in the link of circumstances as to a conspiracy or common design. Collins v. State, supra.

Charge A requested by defendant was properly refused. It ignores all circumstantial evidence as to any common design, as well as defendant's participation in the difficulty, and confines the conspiracy to a particular time and place. Moreover, the charge calls for defendant's acquittal based upon a want of responsibility for the acts of John

Robinson only, ignoring the tendencies of the evidence that Ollis Robinson also shot deceased. Morris v. State, 146 Ala. 66, 41 So. 274.

The motion for a new trial has been duly considered. The rule by which this court is governed in reviewing this action of the trial judge, who saw and heard the witnesses, is too well understood to need repetition. Suffice to say that guided by this rule, and in view of all the facts and circumstances, we are not persuaded the action of the court in this regard should be here disturbed.

We find no reversible error.

Let the judgment of the court below be here affirmed.

Affirmèd.

All the Justices concur.