**SMITH v. STATE.**
**3 Div. 116.**

Supreme Court of Alabama.
May 23, 1935.

542

Frank G. Horne, of Atmore, and H. C. Rankin, of Brewton, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BROWN, Justice (after stating the facts).

We have limited our statement of the evidence to the salient facts and circumstances, deemed material to an understanding of the questions presented in argument.

■ Appellant's first and major contention is that the testimony of Stacy, a confessed accomplice, was not sufficiently corroborated to justify the submission of the case to the jury. This question is presented by the defendant's motion to exclude the evidence, and his requested affirmative charge in writing, which were by the court denied and refused. Randolph et al. v. State, 100 Ala. 139, 14 So. 792; Taylor v. State, 15 Ala. App. 72, 72 So. 557.

■ Whether or not there was evidence corroborating the accomplice witness, tending to connect the defendant with the commission of the offense, is a question of law; its weight and sufficiency, along with the testimony of the accomplice to show the defendant's guilt beyond a reasonable doubt, were questions for the jury. Code 1923, § 5635; Read v. State, 195 Ala. 671, 71 So. 96; Doss v. State, 220 Ala. 30, 123 So. 231, 68 A. L. R. 712; Lindsey v. State, 170 Ala. 80, 54 So. 516.

■ It is not necessary that the corroborating evidence refer to any particular statement or fact testified to by the accomplice. If it strengthens the probative criminating force of his testimony and tends to connect the defendant with the commission of the offense, it is sufficient to warrant the submission of the issue of guilt or innocence to the jury. Malachi v. State, 89 Ala. 134, 8 So. 104; Ross v. State, 74 Ala. 532; Palmer v. State, 165 Ala. 129, 51 So. 358; McDaniels v. State, 162 Ala. 25, 50 So. 324.

■ The testimony of the witnesses McNeil, Comer Lee Cain, Mrs. Lee, and her daughter, and C. J. Smith, corroborated the testimony of Stacy as to particular facts testified to by him, and, if believed, strengthened the probative criminating force of his testimony connecting the appellant with the commission of the offense, and justified the court in denying the motion to exclude and in refusing the affirmative charge requested by the defendant.

We have considered the several rulings of the court relating to the admission and exclusion of evidence, and find nothing in these rulings of which the appellant can justly complain. If errors intervened here, they were prejudicial to the state, not to the defendant.

■ Charge 3 refused to the defendant required the jury to give the benefit of a doubt in the mind of any one of the jurors to the defendant, and was properly refused.

■ The proposition of charge 12 was fully covered by the court's oral charge, and if this charge was not otherwise bad, its refusal does not constitute reversible error.

The propositions of charges 7, 19, 24, and 25 were fully covered by the court's oral charge and given at the instance of the defendant.

Charges 18 and 21, on principles heretofore stated, were well refused.

■ On the hearing of the motion for a new trial, it was shown that subsequent to the trial and conviction of the defendant, in August, 1934, Zell Smith, who was jointly indicted with appellant, was put on trial in October, and was acquitted, and the appellant now insists that the acquittal of Zell Smith is conclusive evidence of appellant's innocence and entitled him to a new trial. This contention is based on the assertion that at most John I. Smith was an accessory before the fact or aided and abetted in the commission of the offense, but did not fire the shot or shots that produced the death of Cain. This contention is based upon the rule of the common law changed by the statute, Code 1923, § 3196, abolishing the distinction between accessories before the fact and between principals in the first and second degree, and providing that "all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid or abet in its commission, though not present, must hereafter be indicted, tried, and punished as principals, as in the case of misdemeanors." Ferguson v. State, 134 Ala. 63,

32 So. 760, 92 Am. St. Rep. 17; State ex rel. Attorney General v. Tally, Judge, 102 Ala. 25, 15 So. 722; Griffith v. State, 90 Ala. 583, 8 So. 812; Reg. v. Hughes (Eng.) Bell C. C. 242; 16 C. J. 143, § 155. The other grounds of the motion for a new trial have been considered, and we are clear in the conclusion that the court did not err in overruling the motion for a new trial.

The record appears free from reversible errors, and the judgment is affirmed.

Affirmed.

GARDNER, THOMAS, and KNIGHT, JJ., concur.