164 So. 118

## PEARCE v. STATE.
### 6 Div. 813.

Supreme Court of Alabama.
Oct. 31, 1935.

Beddow, Ray & Jones, of Birmingham, for petitioner.

A. A. Carmichael, Atty. Gen., for the State.

### PER CURIAM.

Without committing ourselves to all the expressions of the Court of Appeals, we are of opinion that the facts shown by the entire opinion of that court disclose sufficient corroboration to make a case for the jury. Malachi v. State, 89 Ala. 134, 8 So. 104; Smith v. State, 230 Ala. 413, 161 So. 538.

Writ denied.

All the Justices concur, except FOSTER, J., who dissents.

### FOSTER, Justice (dissenting).

The question here decided by the Court of Appeals was that certain facts were sufficient to invoke consideration by the jury of whether the testimony of an accomplice was corroborated as required by section 5635, Code. The final question of corroboration was properly held by the Court of Appeals to be a jury question, and it was further held by the court that there was evidence from which such an inference could be found by the jury without doing violence to reason, considering the true and proper meaning of section 5635, Code. I do not hesitate to say that the Court of Appeals did correctly state the interpretation of that statute.

We come then to the question of whether the holding by the Court of Appeals that the facts recited by it are sufficient to justify a submission to the jury of corroboration is one of fact, and not here reviewable, or is one of law, correctly applied.

On direct appeal, the question of whether the evidence of an accomplice is sufficiently corroborated to justify a verdict of guilt by the jury has been reviewed as other questions on which the court ruled, in the nature of legal questions. It is the province of the court to determine as a legal question whether there is evidence of a corroborative nature. So that there must be evidence, and it must be corroborative. That presents a legal status which the appellate courts review as a question of law. Ross v. State, 74 Ala. 532; Malachi v. State, 89 Ala. 134, 8 So. 104; Lindsey v. State, 170 Ala. 80, 54 So. 516; Read v. State, 195 Ala. 671, 71 So. 96.

But I also think that whether the act of defendant in "filling out the proof of death, claimant's statement to collect the life insurance on a man that was dead," was sufficient corroboration, must also depend upon a finding by the jury in that connection that defendant had notice that the man was not dead, or cause to suppose that he was not, whether as an inference from the circumstances or a finding from direct evidence to that effect. While the facts first stated may be sufficient corroboration, they would be so only upon the further finding by the jury that there was notice to defendant direct or implied that insured was not dead. It would be error, in other words, to charge the jury that such conduct of defendant would be corroborative under the statute, if innocently done. Burney v. State, 87 Ala. 80, 6 So. 391.

It has been held that proximity to a crime and opportunity to commit it are alone not sufficient, but there must be some circumstance sufficient to suggest a criminal purpose. Lindsey v. State, supra; Ross v. State, supra; Malachi v. State, supra; Read v. State, 195 Ala. 671, 71 So. 96; Thompkins v. State, 7 Ala. App. 140, 61 So. 479; Cheatwood v. State, 22 Ala. App. 165, 113 So. 482.

I do not think it sufficient corroboration to prove the existence of a perfectly innocent act of defendant, but the act must be such as that the jury could infer from all the circumstances that it was not an innocent act. The doing of a purely innocent

act alone does not tend to connect one with a crime. I cannot therefore agree with what seems to be an implication in the opinion of the Court of Appeals to a different effect.

It is said in Malachi v. State, supra, that the corroborative evidence must tend to prove the guilt of defendant. Defendant's explanation of it all was consistent with his innocence. The fact that he filled out the proof without notice of its falsity, and in ignorance of a fraudulent purpose, does not tend to prove guilt. I think that possession of stolen property is stronger evidence of guilt on the part of the possessor, and tends to show that he was the thief, whereas the mere fact that defendant filled out a proof of death for another, when he had no apparent interest in it, and without knowing the facts, but which he did not certify was true, and in which he made no representation of its truth, was not, in my opinion, evidence tending to show a guilty participation in a false statement.

It is emphasized in the case of Burney v. State, supra, that, when a piece of evidence may or may not be innocent, dependent upon the finding of the jury, it is not sufficient corroboration under the statute unless the jury find that it was not innocent, and it should be submitted to them on that hypothesis.

But I agree that such evidence was sufficient for the jury to find corroboration if they find that defendant had notice that insured was not then dead, when he aided in preparing the proofs, etc.; as to which there appears to be no proof other than that of the accomplice. Defendant's acts and conduct in connection with the transaction are admissible, though some of them may have occurred after the check alleged to have been obtained by fraud was issued and delivered, provided such conduct tended to show the existence of a fraudulent purpose at the time when the crime is alleged to have occurred. Johnson v. State, 29 Ala. 62, 65 Am. Dec. 383; Dennis v. State, 16 Ala. App. 115, 75 So. 707; 65 Corpus Juris, 648, § 86; Id. p. 650, note 36.

But there must be some evidence or circumstance from which the jury could reasonably infer that defendant was not ignorant of the fact that insured was not dead when he aided in preparing the proofs, etc., or otherwise connect him with a fraudulent purpose. The opinion of the Court of Appeals does not assert that there was any such evidence, but seems to hold that this is not necessary to be found by the jury to support the corroborative nature of the evidence. If that court finds from the evidence that there were circumstances shown sufficient to justify that inference, if the jury should so infer it, then the ruling in respect to the affirmative charge on that situation was correct. But, since the opinion is not clear as to its finding in that respect, I think justice to appellant demands that it be made clear, rather than that the affirmance be based on the statement of a legal situation not entirely in accord with my views.

I do not understand that there is any evidence other than that of the accomplice tending to show that defendant received any of the $615 on April 15th. The mere fact that he wrote the checks for her is not sufficient.

I therefore cannot concur, and dissent.