170 So. 776

**SKUMRO v. STATE.**

**2 Div. 91.**

Supreme Court of Alabama.

Nov. 19, 1936.

B. F. McMillan, Jr., and H. M. Aldridge, both of Mobile, and Christopher & Lindsey, of Butler, for appellant.

**6**

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

THOMAS, Justice.

A phase of this ·case, such as the corpus delicti, was passed upon in the recent decision of Berry v. State, 231 Ala. 437, 165 So: 97.

■ It is established by our decisions: (1) That, whether there was any evidence corroborating an accomplice as a witness and connecting the accused with the commission of the offense charged, is a question of law for the court; and· (2) that its force and effect, or sufficiency, when considered in connection with the testimony of that accomplice and all the other evi-dence, to establish the accused's guilt of such crime, is a question for the jury, under the statutory requirement for corroboration. Code, § 5635; Berry v. State, supra; Smith v. State, 230 Ala. 413, 161 So. 538; Doss v. State, 220 Ala. 30, 123 So. 231, 68 . A.L.R. 712; Lindsey v. State, 170 Ala. 80, 54 So. 516; Pearce v. State, 231 Ala. 150, 164 So. 118; Slayton v. State, post, p. 19, . 173 So. 645.

■■ It is further established that the corroboration of an accomplice must tend to connect the accused with the commission of the offense; that it need not refer to particular statements testified to by that accomplice, but must strengthen the probative incriminatory force of such accomplice's testimony. Having this effect, it is sufficient to warrant submission of the issues of fact involving defendant's guilt to the jury. Slayton v. State, supra; Berry v. State, 231 Ala. 437, 165 So. 97; Smith v. . State, supra; Malachi v. State, 89 Ala. 134, 8 So. 104.

It is obvious, that every case must stand ᴜ upon its particular facts. Pearce v. State, supra.

■■ The duty to examine the record and evidence of the corpus delicti, and corroboration of the accomplice in the Berry Case, supra, rested upon this court; this has been done. The questions of the corpus delicti and corroboration are presented in the instant case by requested affirmative instructions by the defendant and by his motion to exclude all the evidence for the state. Randolph et al. v. State, 100 Ala. ,139, 14 So. 792; Robinson v. State, 222 Ala. 541, 133 So. 578; Ex parte Grimmett, 228 Ala. 1, 152 So. 263; Smith v. State, 230 Ala. 413, 161 So. 538.

The statute for consideration, Code, § 5635, reads as follows: "A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient."

■■ The declared test as to whether a witness is an accomplice within the meaning and requirement of the foregoing statute is thus stated: Could that person have been indicted and convicted of the same offense, and charged as a principal, accessory, or accomplice? As to whether or not he is an

accomplice may be, or may become, a question (1) of law for the court, or (2) of fact for the jury, depending upon all the material facts of the case. This may be shown or inferred by circumstantial, as well as positive, evidence. Malachi v. State, 89 Ala. 134, 8 So. 104; Doss v. State, 220 Ala. 30, 123 So. 231, 68 A.L.R. 712; Snowden v. State (Ala.App.) 165 So. 410;[2] Arp v. State, 97 Ala. 5, 12 So. 301, 19 L.R.A. 357, 38 Am.St.Rep. 137; Parker v. State, 23 Ala.App. 217, 123 So. 107.

In Slayton v. State, 173 So. 642,[3] this court recently stated the rule, as follows: "Whether or not such evidence [required corroboration] has been adduced by the state is a question for the court. The credibility and weight of such evidence is a question for the jury. * * * But in weighing and considering the evidence the jury is not required to segregate such evidence and set same apart from the other evidence in the case and make a preliminary finding in respect thereto; but it is their duty to consider the corroborating evidence in connection with all the other evidence in the case," and make their finding from the whole evidence. Berry v. State, 231 Ala. 437, 165 So. 97.

In Malachi v. State, 89 Ala. 134, 141, 8 So. 104, 106, Chief Justice Stone reviewed the instant question, and the rule there stated was applied in the Slayton Case, supra. After quoting the long-established rule— "The fullest and ablest discussion of the question which has been called to our attention is Com. v. Holmes, 127 Mass. 424, 34 Am.Rep. 391, note. The opinion was by Gray, C. J., now associate justice of the supreme court of the United States. Among other things, he said: 'Evidence which tends to prove the guilt of the defendant is sufficient by way of corroboration, although it does not directly confirm any particular fact stated by the accomplice; as, for instance, evidence of the possession of stolen goods by one indicted for stealing or receiving them.' In Ross v. State, 74 Ala. 532, the corroboration was not of any particular fact testified to by the accomplice. The corroboration relied on was—First, the flight of the defendant; and, second, proximity and opportunity for committing the crime, it having been committed at an unseasonable hour. The trial court left it to the jury to decide whether these two facts sufficiently corroborated the testimony of the accomplice to authorize the jury to convict upon it. We decided there was no error in this. The effect of our ruling was that, while the corroboration must tend to connect the defendant with the commission of the offense, it need not refer to any statement or fact testified to by the accomplice. We adhere to that view"—he concludes with the observation that a preliminary consideration of the corroborating evidence by the jury, independent of all the other evidence in the case, was not required. Mr. Justice Brown, however, in the Slayton Case concludes the matter as being "the duty of the jury to consider the evidence offered to corroborate the accomplice, along with the other evidence in the case in determining its credibility and sufficiency."

Whether or not the witness Mizelle was an "accomplice," "accessory," or "confederate" in the commission of the homicide, within the influence of the statute, was a question of fact for the jury. If he acted at the time with knowledge and under the influence of the alleged threat against him, under the authority of Arp v. State, 97 Ala. 5, 12 So. 301, 19 L.R.A. 357, 38 Am.St. Rep. 137, Leonard v. State, 217 Ala. 60, 114 So. 798, it was his duty, if opportunity presented, to have eluded, escaped, or resisted his threatened assailant, thus removing himself without the influence of duress, if it existed, rather than unlawfully killing or assisting in the killing of an innocent person. That is to say, under this rule the relevant phases of the evidence as to conspiracy, corroboration, and the alleged threat and its imminence and reasonable effect on the witness, when considered in connection with the other evidence in the case, made a jury question. McMahan v. State, 168 Ala. 70, 53 So. 89. If Mizelle was such guilty accomplice, his evidence as a witness was within the statutory rule quoted above. It results that no reversible error was committed in refusing affirmative instructions requested on the foregoing phases of the evidence.

We may observe, that in "cases of conspiracy * * * each participant is responsible for confederates' acts which follow incidentally in executing the common design as probable and natural consequences, although not originally intended." This may be shown by circumstantial proof, or inferred from the conduct of the participants in execution of the conspiracy. Robinson v. State, 222 Ala. 541, 133 So. 578; Williams v. State, 81 Ala. 1, 1 So. 179, 60

---

[2] 27 Ala.App. 14.

[3] Ante, p. 1.

Am.Rep. 133; National Park Bank v. Louisville & N. R. R. Co., 199 Ala. 192, 74 So. 69.

■ There was no reversible error in the refusal of charge K, under the evidence and its tendencies. The several objections to the charge, according to our recent decisions, are that it is misleading, ignores the evidence of conspiracy, and is not predicated on a reasonable probability. There are tendencies of evidence that the crime was the result of a conspiracy by the defendant and others. Goocher v. State, 227 Ala. 337, 149 So. 830; Jackson v. State, 226 Ala. 72, 79, 145 So. 656; Ledlow v. State, 221 Ala. 511, 129 So. 282; Ex parte Hill (Hill v. State), 211 Ala. 311, 100 So. 315; Pitman v. State, 148 Ala. 612, 42 So. 993; Spencer v. State, 228 Ala. 537, 154 So. 527.·

■ The evidence has been carefully examined, and we are of the opinion that the case becomes a jury question as to its several aspects; as the corpus delicti, the sufficient corroboration of the accomplice, and the guilt or innocence of the defendant. The evidence, however, was sufficient to support the verdict rendered of murder in the second degree.

This is the conclusion under the salient and material facts. Of this class was the evidence, that defendant had a truck and was out in it with another on the evening of the homicide; the location of his place or farm, and the sound of the "two guns fired" at the time and place; the location and condition of the house where the body was alleged to have been first placed; the plank or planks that were removed and replaced with "newer" plank or planks; the nails in the door and window facings of the house where the body was said to have been hidden—that "the nails were driven and bent the same way in the door and windows"; the relative distances between the two places in question and the place where the bones, watch, and other property of deceased were found; the fact that one was required to go by the Donald place to get to the Stremick place; the evidence as to buzzards about the house in question, the peculiar or offensive odor at the two places, defendant's remark as to this when his attention was directed thereto, and his declining to stop to investigate; the fire print and the lard can at the place in and at which the body was alleged to have been boiled; the pieces of clothing thereabout, evidence tending to show their nature and quality as compared with the clothing worn by deceased at the time of his death, and the hole in the back of the coat he had on; the fact that defendant was seen after 6 o'clock that evening opposite the Stremick place; and his inquiry at the time of his arrest as to another person said to have been implicated. The broken condition·of the skull and the shot holes in the shoulder bone as to location and size are likewise important when considered with the other evidence. Such matters of fact were for the jury, as shedding light on the other testimony, when the whole evidence is considered in passing upon the guilt or innocence of the defendant.

■ As to the rulings on evidence, we may say we find no reversible error. If it be conceded that the questions propounded to the witness William Turner on cross-examination were sufficiently definite and in proper form, the matter sought to be elicited was embraced in the immediate statement of that witness, that "Everything I ever heard about him [Eugene Mizelle] was good." We are satisfied no reversible error was committed in these rulings, and that no injury resulted therefrom. Section 3258, Code. Moreover, such cross-examination was within the sound discretion of the court. Cox v. State, 162 Ala. 66, 50 So. 398; Jefferson v. Republic Iron & Steel Co., 208 Ala. 143, 93 So. 890.

Finding no reversible error in the rulings of the trial court, the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur..