270 So.2d 828

**William Thomas HUDSON**

v.

**STATE.**

**6 Div. 30.**

Court of Criminal Appeals of Alabama.

April 8, 1971.

the building were under police surveillance. He was also seen leaving this address shortly before his arrest on the afternoon following the burglary. A subsequent warranted search of the attic and the apartment of one Dave McTyre, located in the building, produced various items taken in the burglary.

In addition to this, there was evidence, aside from that given by the accomplice, that the safe taken in the burglary was subsequently found in a remote, wooded area of South Jefferson County some twenty miles from the scene of the crime. The safe had apparently been blown open and some of its less valuable contents were strewn around, along with what appeared to be burglary tools. Within six or seven feet of the safe a pair of men's trousers was found with the ends of each leg tied together. The name of the appellant appeared in legible print on the inside of the trousers on the pocket of each leg. There was proof that there was no other debris in this area other than that described.

J. Louis Wilkinson, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

ALMON, Judge.

Hudson was convicted in the Circuit Court of Jefferson County, Bessemer Division, of burglary in the second degree and sentenced to ten years imprisonment.

Much of the incriminating evidence against the appellant was given by an accomplice and it is argued that this evidence was not sufficiently corroborated as required by Tit. 15, § 307, Code of Alabama, 1940.

Aside from the evidence given by the accomplice, there was evidence by other witnesses that appellant was seen in and around an apartment building at 106 Cotton Avenue in West End two days prior to the burglary. At that time appellant and

The evidence required to corroborate the testimony of an accomplice must be such that it tends to connect the defendant with the commission of the offense. Tit. 15, § 307, Code of Alabama, 1940. Whether there is any such evidence is a question of law for the court. The probative force and sufficiency of such evidence, along with the evidence given by the accomplice, going to establish the guilt of the defendant, are questions for the jury. Moore v. State, 30 Ala.App. 304, 5 So.2d 644; Berry v. State, 231 Ala. 437, 165 So. 97.

It has been held that it is unnecessary that the corroborating evidence refer to any particular statement or fact testified to by the accomplice, so long as it strengthens the probative criminating force of his testimony and tends to connect the defendant with the crime. Usrey v. State, 36 Ala. App. 394, 56 So.2d 790; Smith v. State, 230 Ala. 413, 161 So. 538.

■ Corroboration of an accomplice may be shown by circumstantial evidence. Tidwell v. State, 23 Ala.App. 409, 126 So. 186; Brown et al. v. State, 31 Ala.App. 529, 19 So.2d 88. And each case must stand on its own particular facts. Pearce v. State, 231 Ala. 150, 164 So. 118; Skumro v. State, 234 Ala. 4, 170 So. 776.

■ After considering the facts of the present case in the light of a reading of past Alabama cases on the subject, we are of the opinion that there was sufficient corroborative evidence presented to connect the appellant with the commission of the crime. See Pearce v. State, 26 Ala. App. 492, 164 So. 114, cert. denied 231 Ala. 150, 164 So. 118; Usrey v. State, supra; Ross v. State, 74 Ala. 532; Skumro v. State, supra; Brown et al. v. State, supra.

At the conclusion of the arguments, the defense presented twenty-six requested written jury charges for the trial court's consideration. All twenty-six of these charges were refused.

Then, at the close of the court's oral charge, the following took place:

"THE COURT: Mr. Wilkinson, any exceptions?

"MR. WILKINSON: (Outside the hearing of the jury) Yes, sir. . . . we except to the Court's refusal to the written charges.

"(Jury retires to the juryroom to deliberate.)

"THE COURT: I'll give you leave now to put that all in the record, if you wish.

"MR. WILKINSON: All right, sir.

"THE COURT: Let the record show that the exceptions as to the written charges was done before the jury retired. Now, let the record show that one reason the written charges were refused was that they came to the Court too late, and were stamped 'refused.'

"MR. WILKINSON: As I understand from what Your Honor said before, the Court has a rule here which requires that the written charges have to be presented to the judge prior to the argument; that in fact the written charges were not presented to the judge until the conclusion of the arguments. I was unaware of the Court's rule and that is about the substance of it; that they were presented at the conclusion of the arguments and we take exception to Your Honor's refusal to consider them.

"THE COURT: All right, sir. You will automatically get an exception.

"(END OF PROCEEDINGS.)"

■ Jury charges requested by either party must be in writing and must be given or refused in the terms in which they are written. It is also the duty of the trial judge to write "given" or "refused" on each and sign his name thereto. Tit. 7, § 273, Code of Alabama, 1940, recompiled 1958.

■ The trial court cannot fix the time at which requested charges should be presented for consideration. If they are presented at any time during the trial and before the jury retires, they must be given or refused as provided by Tit. 7, § 273, Code of Alabama, 1940. Rogers v. State, 36 Ala.App. 602, 61 So.2d 249; Moore v. State, 36 Ala.App. 551, 60 So.2d 708.

We must inquire further, however, for if all of the refused charges were either incorrect statements of the law or were adequately covered by the court's oral charge, then their refusal would amount to harmless error. At least one of the tendered charges was good and not otherwise covered.

Appellant's requested Charge No. 6 states:

"The Court charges the jury that unless each of you is convinced beyond a reasonable doubt and to a moral certain-

ty of the guilt of the Defendant, from the evidence in the case, then, you should not convict him."

The trial court failed to charge the jury that their verdict must be unanimous. For this reason the refusal of Charge No. 6 was reversible error. Wilson v. State, 243 Ala. 1, 8 So.2d 422; Carter v. State, 103 Ala. 93, 15 So. 893.

As to other matters argued in appellant's brief, they will not be dealt with because it is unlikely that these questions will arise in the event of another trial.

The judgment in this cause is due to be reversed and the cause remanded.

Reversed and remanded.