282 So.2d 91

Benny Lee DUBOSE

v.

STATE.

I Div. 200.

Court of Criminal Appeals of Alabama.

Aug. 14, 1973.

David L. Barnett, Mobile, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and James G. Lee, II, Sp. Asst. Atty. Gen., Tuscaloosa, for the State.

CATES, Presiding Judge.

First degree murder: sentence, life imprisonment.

Viewed from the jury's verdict, Dubose and his brother waylaid a night club patron in a parking lot. The brother used a cudgel and at least one State's witness saw the appellant kicking the prostrate victim.

The brothers got in Daniel Poole's car with five other persons. Shortly after they were away from the parking lot the car stopped. Appellant and his brother got out and standing before the headlamps went through their victim's wallet, throwing away various papers including a driver's license.

### I

On appeal, Code 1940, T. 15, § 307 is invoked. It is claimed in appellant's brief that Daniel Poole and the other passengers were accomplices. This being so, their testimony—otherwise uncorroborated—would be insufficient to convict.

■ However, the evidence to support this hypothesis preponderates far more toward showing that these prosecution witnesses were not accomplices. In this posture whether or not there was complicity and the consequent need under § 307, supra, for corroboration resolved itself into a question of fact for the jury. Fairbanks v. State, 46 Ala.App. 236, 239 So.2d 908.

### II

■ The indictment says the name of the deceased was Aaron G. Hollingshead. No witness testified as to Hollingshead's Christian name. See Cashman v. State, 20 Ala.App. 599, 104 So. 555. However, his driver's license—found where the Dubose brothers stripped the wallet—came into evidence as State's Exhibit No. 18.

We consider that this circumstantial proof sufficed to connect the deceased with the victim described in the indictment as the same person.

### III

■ The State's evidence indicated that appellant's participation in the killing was less of an active nature than the cudgeling administered by his brother. Our criminal law does not attempt to assess guilt in complicity by any device of percentage of fault. Rather, where joint action or aiding or abetting appear, all participating can be found equally guilty. Whether or not appellant was his brother's accomplice was, in the case at bar, for the jury to decide.

We have reviewed the entire record under Code 1940, T. 15, § 389 and consider that the judgment below is due to be

Affirmed.

All the Judges concur.