TYSON, Judge.
James Edward Turner was indicted for and found guilty by the jury of the first degree murder of Charles White, by “shooting him with a shotgun and/or a pistol.” The jury’s verdict and the judgment of the trial court set sentence at life imprisonment.
The appellant prosecutes this appeal from the trial court’s denial of his motion for a new trial largely on the grounds that the evidence was insufficient to sustain the verdict.
On January 27, 1979, appellant’s wife and, later, the appellant also, had arguments with the deceased, Charles White, in a local “club” in the presence of several witnesses, including the appellant’s daughter. During appellant’s argument with the deceased, both men drew pistols and held them at their sides. As a result the appellant and his wife were asked by the owner to leave the “club”.
When they had reached appellant’s truck outside and appellant had had time to retrieve his .12 gauge shotgun from within, appellant’s daughter, who had left the “club” earlier, and appellant’s son arrived in separate vehicles. Appellant’s daughter was armed with a shotgun and his son was armed with a pistol.
*923 Soon after appellant’s children arrived, Mr. White appeared at the exit of the “club”. After words were exchanged, the appellant fired two shotgun blasts and his son fired several rounds from his pistol at Mr. White.
Both weapons inflicted severe wounds to various areas of Mr. White’s body. He died as a result of these wounds.
I
Appellant’s sole contention here is that the prosecution did not sustain its burden of proof that Mr. White’s death was caused by the shotgun wounds inflicted by the appellant. In the absence of such proof or evidence that appellant conspired with his son, whose shots also allegedly caused the fatal wounds, appellant asserts that his conviction cannot stand.
We have reviewed the evidence in this ease and have found same to be sufficient to support the jury’s guilty verdict on either of two theories, i.e., that the wounds inflicted by the appellant were indeed a contributing cause of Charles White’s death or that appellant, by his words or actions, encouraged his son to fire the fatal shots, culminating in death.
While it is true that the only expert witness as to “cause of death” testified that the primary cause of death was the pistol wound inflicted by appellant’s son, this same witness stated that the shotgun wounds inflicted by appellant were a “contributing cause” because the victim had bled to death.
Our cases explain that to support a murder conviction the unlawful act of the accused need not be the sole cause of death. Flanagan v. State, 369 So.2d 46 (Ala.Cr.App.1979), and cases therein cited. All that is required is that the jury be convinced from the evidence that the wounds inflicted by the accused were dangerous and contributed to or accelerated the death of the deceased, even if they are not convinced “that death would have inevitably followed from” those wounds alone. Mitchell v. State, 43 Ala.App. 427, 191 So.2d 385 (1966); Flanagan, supra.
The jury here might well have believed that the bleeding caused by the shotgun wounds inflicted by appellant accelerated the victim’s death.
Moreover, even if they were not convinced that the injuries inflicted by appellant contributed to Mr. White’s death, the jury had sufficient facts before them to conclude that the appellant aided and abetted his son in this same shooting. This determination of appellant’s actual participation in the incident was one properly put to and resolved by the jury. Ferguson v. State, 134 Ala. 63, 32 So. 760 (1902); Dubose v. State, 50 Ala.App. 652, 282 So.2d 91 (1973).
The jury may also have been persuaded by the circumstantial evidence that appellant, through his daughter, conspired with his son before the shooting. Ferguson v. State, supra; Robinson v. State, 222 Ala. 541, 133 So. 578 (1931). Alternatively, they might have determined that appellant’s conduct at the time of the shooting encouraged his son to shoot at and kill the deceased. Thomas v. State, 130 Ala. 62, 30 So. 391 (1901); Maloy v. State, 8 Ala.App. 73, 62 So. 961 (1913); Dubose v. State, supra; Sankey v. State, 380 So.2d 354 (Ala.Cr.App.1980).
In either event, such participation by the appellant would make him criminally responsible for the victim’s death. Thomas, supra; Robinson, supra.
For the above stated reasons, this case is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.