The petition for certiorari was granted in this case to determine whether the Court of Criminal Appeals was correct in affirming petitioner Curry's conviction of first degree robbery. The facts are set forth in the opinion of the Court of Criminal Appeals, Curry v. State, 471 So.2d 473 (Ala.Crim.App. 1984).
Stated briefly, Curry and another man entered Marco's Restaurant, pointed a gun and announced: "This is a hold-up." The two female employees on duty recognized the men as customers who had been drinking *Page 478 
coffee in the restaurant only minutes earlier. The women fled into the office, locked themselves in, and called the police. The two women remained in the locked office until the police arrived. The evidence indicates that no property or money was taken from the restaurant and that the cash register had not been broken into.
Curry raises three issues on appeal:
I
 Whether the evidence presented at trial was sufficient to support a conviction of robbery in the first degree.
II
 Whether the trial court erred in refusing to charge the jury on second and third degree robbery, as lesser included offenses.
III
 Whether the trial court's refusal to charge the jury on the requirement of a unanimous jury verdict was reversible error.
Upon review of the opinion of the Court of Criminal Appeals, we find no error in regard to Issues I and II. There was sufficient evidence to support the first degree robbery conviction. Robbery in the first degree is defined by § 13A-8-41, Code 1975, as the violation of § 13A-8-43 (third degree robbery) by one armed with a deadly weapon. Our robbery statutes now define robbery as including what formerly would have been an attempt to commit robbery, and they require no actual theft or asportation of property. Petty v. State, 414 So.2d 182, 183 (Ala.Crim.App. 1982).
In this case, the lesser-included-offense charges of second and third degree robbery were not supported by the evidence. "A court may properly refuse to charge on lesser included offenses when it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense." Wesley v. State, 424 So.2d 648, 652 (Ala.Crim.App. 1982), Chavers v. State, 361 So.2d 1106 (Ala. 1978). "A defendant is likewise not entitled to charges on lesser included offenses when he denied committing the crime itself." Williams v. State,377 So.2d 634, 637 (Ala.Crim.App.), cert. denied, Ex parteWilliams, 377 So.2d 639 (Ala. 1979).
In Cook v. State, 431 So.2d 1322 at 1325 (Ala. 1983), this court noted:
 "[W]hen a defendant takes the witness stand and testifies that, because he was in a distant location when the crime took place, he could not possibly have committed it, he has directly contradicted any evidence which he might later produce to show that he was guilty of a lesser included offense."
When, as in this instance, the only defense is one of alibi, a defendant is not entitled to instructions on lesser included offenses. Alldredge v. State, 431 So.2d 1358 (Ala.Crim.App. 1983).
In this case, the state presented evidence from the two employees, who testified that one of the men who entered the restaurant was carrying a gun. The presence of a gun elevates third degree robbery to first degree robbery. We, therefore, agree with the Court of Criminal Appeals that the only issue was one of identity and, accordingly, the trial court did not err in failing to give the lesser-included-offense charges. Moreover, this issue was not properly preserved for review, because written requested charges on the lesser included offenses were not submitted to the trial court. Lewis v. State, 439 So.2d 1353
(Ala.Crim.App. 1983); § 12-16-13, Alabama Code (1975).
Finally, Curry argues that the trial court erred in failing to instruct the jury that their deliberations required reaching a unanimous verdict in order to convict or acquit the defendant. The requested jury charge was marked "refused" by the trial judge. However, beside the refusal he wrote the word "oral," so as to indicate that he would cover the requested instruction in his oral charge. Although the jury *Page 479 
was not charged as to the requirement of a unanimous verdict, Curry failed to properly object to its omission.
Relying upon the standard set forth in Allen v. State,414 So.2d 989 (Ala.Crim.App. 1981), aff'd, Ex parte Allen,414 So.2d 993 (Ala. 1982), the Court of Criminal Appeals found that since Curry failed to object or take exception to the omission of the requested charge, that court was precluded from reviewing this issue.
Pursuant to Allen and Temporary Rule 14, Alabama Rules of Criminal Procedure, the rule providing an "automatic exception" for refusal to give requested jury charges has been abolished in Alabama. The proper procedure to preserve error on appeal is delineated in Temporary Rule 14, Alabama Rules of Criminal Procedure, as follows:
 "No party may assign as error the court's giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection."
This case, however, is distinguishable from the strict rules set forth in Allen and Temporary Rule 14. Both Allen and Temporary Rule 14 involve a trial court's refusal to give a written requested charge. If, as in Allen, the trial judge had simply marked the written request "refused," then Curry would have been placed on notice that the charge was not going to be given and at this point his failure to object to the refusal would constitute waiver. In this case, however, the trial judge indicated that he was going to give the unanimous jury verdict charge orally; he did not simply refuse the written requested jury charge. It appears that at the end of the judge's instructions to the jury neither the trial judge nor Curry was aware that the charge had not been given.
Moreover, the unanimous-verdict is so fundamental to the rights of the defendant that an omission to charge on that requirement must necessarily be prejudicial. "There is nothing better settled in our jurisprudence than that the concurrence of all the jurors is essential to a verdict in all cases. . . ." Carter v. State, 103 Ala. 93, 15 So. 893 (1894).
The jury must be informed before they retire that just one of them can prevent a verdict. Even the fact that the jury was later polled and each of the twelve indicated that the verdict was his or her verdict does not eradicate the possibility that one member of the jury could alter the ultimate verdict had they been instructed that their decision had to be unanimous. The omission of the charge to the jury that their verdict must be unanimous constitutes reversible error. Hudson v. State,49 Ala. App. 282, 270 So.2d 828 (1971); Wilson v. State, 243 Ala. 1, 8 So.2d 422 (1942).
REVERSED AND REMANDED.
JONES, EMBRY and ADAMS, JJ., concur.
BEATTY, J., concurs specially.
TORBERT, C.J., concurs in part and dissents in part.
TORBERT, C.J., and MADDOX and SHORES, JJ., dissent, with opinion by MADDOX, J.
ALMON, J., not sitting.